(No. 37552.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DAVID L. McKINSTRAY, Plaintiff in Error.

*Opinion filed May 20, 1964.*

JULIUS L. SHERWIN and THEODORE R. SHERWIN, of Chicago, (GERALD S. GROBMAN, of counsel,) appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant, David L. McKinstray, was convicted by a jury in the criminal court of Cook County of the crime of reckless homicide. Motions for new trial and in arrest of judgment were denied and defendant was sentenced to the penitentiary for a minimum term of 4 years and a maximum of 5 years.

The record discloses that at 12:30 A.M., on December 3, 1960, Melvin Krueger and his wife, Anita, and their children, Dale, age 4 months, David, age 7, and Linette, age 10, were traveling in the Krueger automobile to their home in McHenry, Illinois. As Melvin Krueger drove into a curve on Route 19 near Weiss Road an automobile traveling in the opposite direction suddenly appeared in his lane. A head-on crash resulted. Mrs. Krueger and her four-month-old son were killed and the rest of the Krueger family were injured.

Three State policemen went to the scene of the accident and later testified at defendant's trial. Their investigation disclosed that the defendant's automobile crossed a double yellow line in a no-passing zone and, while in the wrong lane, struck the Krueger automobile. Debris was found in the westbound lane, the direction in which the Kruegers were traveling. A four-foot skid mark from defendant's automobile crossed the center line. At the scene of the accident, defendant said he did'not know what happened. He also admitted drinking from early that evening until about midnight in two taverns in Elgin, Illinois. Each of the three State policemen testified defendant was staggering and stumbling, his speech was slurred, his eyes bloodshot and he smelled strongly of alcohol. Upon reaching the hospital, he fell asleep.

Defendant was arrested and charged with driving after his license had been revoked and with reckless homicide. He entered a plea of not guilty.

On January 26, 1961, a jury was impaneled and a sanity hearing held. At the hearing, Dr. William H. Haines, of the Behavior Clinic of the criminal court of Cook County, a physician and member of the American Board of Psychiatry and Neurology, and who had been appointed by the court to examine defendant, was interrogated by defendant's counsel. He testified that he interviewed the defendant at the county jail on January 6, 1961, for one-half to three-quarters of an hour. At the interview he discussed with the defendant his marriage, his past life, and his present and previous hospitalization. He learned that he had previously been a patient in Hines Hospital, the Elgin State Hospital, and also in the Cook County Psychiatric Hospital. He observed that the defendant was overly active and noted that he rambled from one subject to another; Dr. Haines was of the opinion that defendant was then suffering from an organic brain disease and that he was unable to co-operate with his counsel in the defense of crime with

which he was charged. He further testified that some few days prior to the sanity hearing he had a second interview with the defendant, at which time he found him improved and not as rambling as before. He testified, however, that in his opinion defendant still was unable to co-operate with his counsel. Dr. Haines also learned that in 1959 defendant was in another automobile accident and was unconscious for a period of some eleven days, and that since that time he has changed in his work habits and in his home adjustments. He also found in this interview that the defendant was suffering from post-traumatic disturbances or an organic brain disease, and in Dr. Haines' opinion he was committable to a mental institution.

Patricia Ann McKinstray, wife of the defendant, also appeared as a witness in his behalf at the sanity hearing. She testified that in 1959 at the suggestion of a psychiatrist at the Hines Veterans Hospital she signed a petition to commit her husband and that after the 1959 accident the conduct of the defendant changed; he was childish, high tempered, sometimes violent and had struck her.

Also appearing as a witness was the defendant himself; he described a skull fracture which he sustained in a 1959 automobile accident and his subsequent hospitalization. He testified that he understood the nature of the charge against him. Defendant was asked whether in his own mind he was able to co-operate in the defense of this case; he replied, "Well, I feel like I would be more than willing to try, and I really feel I could, yes sir."

The People offered no evidence. The question of the sanity of the defendant was submitted to the jury. The only instruction given by the court was one describing insanity that barred defendant's present trial. The jury found him sane. No motion for a directed verdict or for a new trial was made by the counsel for the defendant, nor did the court on its own motion set aside the verdict.

In April of 1961 a mistrial occurred, after which de-

fendant's counsel, by leave of court, withdrew. Differences between defendant and counsel and failure to pay attorney's fee were the announced reasons for the withdrawal. An attorney was then appointed to represent defendant. Upon trial, defendant denied being intoxicated and testified that the fatal accident occurred when his attention to the road was diverted; he glanced down at the dashboard of his car to determine whether his headlights were dimmed. The question of defendant's sanity was not raised at trial either as a bar to a present trial or as a defense to the crime charged. The trial resulted in defendant's conviction.

Defendant assigns several errors, the first of which is that the trial court erred in not directing the jury at the sanity hearing to find defendant insane or in the alternative in not ordering a new sanity hearing. Admittedly these objections were not made below, but defendant argues that the constitutional mandate that he not be deprived of his liberty except by due process of law requires us to consider them.

It is fundamental that an insane person cannot be tried for a crime and that it is a denial of due process to place such a person on trial. (*People* v. *Bender,* 20 Ill.2d 45; *People* v. *Burson,* 11 Ill.2d 360; *People* v. *Reeves,* 412 Ill. 555.) Insanity which bars trial of an accused has been defined as inability to understand the nature of the crime charged or inability to reasonably and rationally defend against such charge, including cooperation with counsel. (*People* v. *Burson,* 11 Ill.2d 360, 369.) In a pretrial sanity hearing the defendant is required to offer evidence sufficient to rebut the presumption of his sanity, and then it is incumbent upon the People to prove his sanity by a preponderance of the evidence. *People* v. *Bender,* 20 Ill.2d 45.

Where it appears that prejudicial error occurred in a sanity hearing, although no objection or exception was made at the time, we have set aside the adjudication of sanity and the subsequent conviction. In *People* v. *Bender,*

20 Ill.2d 45, we reversed a conviction because of improper cross-examination and erroneous instruction in the pretrial sanity hearing, although no objection was made in the trial court. While in *People* v. *Finn,* 17 Ill.2d 614, prejudicial remarks of a judge introduced at the sanity hearing caused us to reverse the subsequent conviction, although again no objection had been made in the trial court. As was said in *People* v. *Burson,* 11 Ill.2d 360, 370: "We recognize that counsel for defendant did not present or argue this point; and that the general rule is that where a question is not raised or reserved in the trial court, or where, though raised in the lower court, it is not urged or argued on appeal, it will not be considered and will be deemed to have been waived. However, this is a rule of administration and not of jurisdiction or power, and it will not operate to deprive an accused of his constitutional rights of due process. 'The court may, as a matter of grace, in a case involving deprivation of life or liberty, take notice of errors appearing upon the record which deprived the accused of substantial means of enjoying a fair and impartial trial, although no exceptions were preserved or the question is imperfectly presented.' 3 Am. Jr., sec. 248, page 33; *United Brotherhood of Carpenters* v. *United States,* 330 U.S. 395, 91 L. ed. 973; *People* v. *Jung Hing,* 212 N.Y. 393, 106 N.E. 105; *State* v. *Griffin,* 129 S.C. 200, 124 S.E. 81."

In a pretrial sanity hearing the accused is required to offer evidence sufficient to rebut the presumption of his sanity, and then it is incumbent upon the People to prove his sanity by a preponderance of the evidence. (*People* v. *Bender,* 20 Ill.2d 45). Defendant clearly rebutted the presumption of his sanity and the People óffered no evidence, relying on the testimony of the defendant to establish his ability to rationally conduct his defense and co-operate with counsel. To accept defendant's opinion that he is able to co-operate with counsel in his defense, when the purpose of

the hearing is to determine that very fact, would make a sham out of the sanity hearing, especially here where there is a history of a severe head injury and psychiatric treatment and the opinion of the sole medical witness that the defendant, although understanding the nature of the crime with which he was charged, was unable to co-operate with his counsel and was then committable to a mental institution. A verdict of insanity should have been directed in favor of defendant, or a new sanity hearing ordered. In view of the default of defendant's counsel to make the necessary motions, the court on its own motion should have so directed the verdict or set it aside. Since no sanity hearing adjudicating defendant sane was held subsequent to the January 26, 1961 hearing, he should not have been placed on trial, (Ill. Rev. Stat. 1959, chap. 38, pars. 592, 593;) and the judgment convicting defendant of reckless homicide consequently must be reversed.

In view of our decision it is unnecessary to consider the other errors assigned by defendant. The judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*