(No. 42491.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. MANSFIELD HOOD, Appellant.

*Opinion filed November 24, 1971.*

CAPLAN, TURNER & GOLDING, EDWARD M. GENSON and SAM ADAM, all of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A.. NOVELLE and ARTHUR BELKIND, Assistant State's Attorneys, of counsel,) for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

In a bench trial in the circuit court of Cook County, defendant, Mansfield Hood, was found guilty of the offense of unlawful use of weapons (Ill.Rev.Stat.1965, ch.38, par. 24—1(a)(7).) Specifically, the indictment charged knowing possession of a shotgun with a barrel less than 18 inches in length.

Sergeant Olmos of the Evanston Police Department testified that at approximately 10:20 P.M. on May 2, 1967, while entering a service station office, he observed defendant alight from the driver's side of an automobile standing in the driveway of the station. At the same time he saw Robert Brantley alight from the vehicle through the door on the passenger's side. Brantley went into the station office and defendant walked around the front of the automobile to the passenger's side. Olmos observed that the rear license plate on the car was wired on. He approached defendant and while they discussed the license plate he observed that a safety sticker on the windshield of the automobile had expired. As he and defendant talked Olmos looked inside the car and saw the barrel of a gun protruding from under the rear of the front seat, on the driver's side. He drew his revolver, told defendant he "believed he had a gun in the car" and ordered him "to slowly remove the object from his car." Upon seeing Olmos draw his revolver, his partner, Officer Clyde Graham, rushed over to the car. Defendant opened the

528

door on the passenger's side and removed an unloaded 20-gauge shotgun with a barrel which measured 11¾ inches.

Upon cross-examination, Sergeant Olmos testified that defendant denied knowing there was a firearm in the car and that from the driver's seat it would not be possible to see the shotgun.

As grounds for reversal defendant contends that in finding him guilty the trial court erroneously relied upon section 24—1(c) of the Criminal Code of 1961 (Ill.Rev. Stat.1965, ch.38, par.24—1(c)), which provides "The presence in an automobile other than a public omnibus of any weapon, instrument or substance referred to in Subsection (a)(7) is prima facie evidence that it is in the possession of, and is being carried by, all persons occupying such automobile at the time such weapon, instrument or substance is found, except under the following circumstances: (i) if such weapon, instrument or instrumentality is found upon the person of one of the occupants therein; or (ii) if such weapon, instrument or substance is found in an automobile operated for hire by a duly licensed driver in the due, lawful and proper pursuit of his trade, then such presumption shall not apply to the driver."

Citing *Leary v. United States, 395 U.S. 6, 23 L.Ed. 2d 57, 89 S.Ct. 1532; United States v. Romano, 382 U.S. 136, 15 L.Ed. 210, 86 S.Ct. 279; United States v. Gainey, 380 U.S. 63, 13 L.Ed. 2d 658, 85 S.Ct. 754; and Tot v. United States, 319 U.S. 463, 87 L.Ed. 1519, 63 S.Ct. 124,* defendant argues that the statute presumes guilt without evidence of knowledge, is therefore unconstitutional and his conviction based thereon is void.

The People contend that within constitutional limits the General Assembly "has complete control over the rules of evidence and may enact laws declaring that upon proof of one fact another fact may be inferred ***," that the statute destroys no constitutional right of the defendant and is therefore valid.

The test of the validity of a criminal statutory presumption as enunciated in *Leary* is that "it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." 395 U.S. 6, 36, 23 L.Ed.2d 57, 82, 89 S.Ct. 1532, 1548. Thus in *United States v. Gainey*, the defendant's unexplained presence at an illegal still was held sufficient to support a valid presumption of "carrying on" the business of distiller without having given the required bond but in *United States v. Romano* was held insufficient to sustain a statutory presumption of "possession, custody and control" of such a still.

Upon this record we need not and do not decide whether the statute is constitutional insofar as it might affect every occupant of an automobile. Although at the hearing on defendant's motion to suppress the shotgun as evidence a police officer testified that he had checked the registration of the automobile to defendant's sister, the transcript of proceedings at the trial shows an objection to a question with respect to ownership of the car was sustained, and there is no other evidence of its ownership. The testimony of the police officer is sufficient to sustain a finding that defendant was the driver and absent evidence of ownership and the presence of the owner at the scene the record supports a finding that defendant, as well as being the driver, was in control of the vehicle. We hold that insofar as it applies to this defendant under the circumstances shown in this record section 24—1(c) is valid.

Defendant next contends that the trial court erred in denying his motion to suppress the shotgun as evidence. He argues that the arrest was made without a warrant, he was violating no statute or ordinance and the arresting officer had no reasonable grounds for believing that he had committed any crime. The police officer seeing a license plate wired onto a vehicle could legally, without a warrant, inquire about a possible violation of section 3—411 of the

Illinois Motor Vehicle Law (Ill.Rev.Stat. 1965, ch. 95½, par. 3—411) and certainly an expired safety sticker provided a reasonable basis for additional inquiry. The testimony shows that the barrel of the shotgun was visible from where he stood, without a search. The court did not err in denying the motion to suppress the evidence.

Defendant's final contention is that the evidence does not prove his guilt beyond a reasonable doubt. The testimony of the police officer supports a finding that the defendant was the driver and in control of the automobile and knew the shotgun was in the car. (*People v. McKnight, 39 Ill.2d 577.*) Under the circumstances shown by the evidence we cannot say that the evidence is insufficient to support the conviction, and the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*