THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEROME CROWDER *et al.*, Defendants-Appellants.

(No. 56576; ▮▮▮▮▮▮▮▮▮▮▮

First District—April 20, 1972.

Thomas Grippando and Donald McIntyre, both of Chicago, for appellants.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Nicholas D. Taubert, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

The defendants were found guilty by a judge sitting without a jury of the offenses of Unlawful Use of Weapons (Ill. Rev. Stat. 1969, ch. 38, par. 24—1(a) (4)), and failure to possess a Firearm Owner's Identification Card. (Ill. Rev. Stat. 1969, ch. 38, par. 83—14.) The trial judge entered the following sentences: Jerome Crowder, six months in the House of Correction on each count to run concurrently; Lewis Hoover, one year in the County Jail on each count to run concurrently; Edward Smith, one year in the County Jail on each count to run concurrently. We need only consider defendants' argument that the State did not prove them guilty beyond a reasonable doubt of the offenses charged for the purpose of disposing of this appeal.

We reverse.

On the night of June 26, 1970, the defendants, in the company of Richard Childress and Frank Tramell, were driving through Harvey, Illinois. Childress, the owner of the car, was driving. Sitting on the passenger side of the front seat was defendant Crowder who was crippled and confined to a wheelchair due to an earlier injury. Seated

immediately behind Childress was Tramell, and to Tramell's right were defendants Smith and Hoover, in that order.

At approximately 10:00 P.M. they were stopped by police officers, allegedly because a front headlight was out of order. Childress and the occupants of the back seat exited the car, and one of the officers peering from the sidewalk into the rear seat of the auto saw on the floor of the left (or driver's) side of the car what he thought to be the forward portion of a rifle or shotgun. A search disclosed that it was indeed a shotgun, and further that a loaded pistol was hidden under the driver's seat. A search of the occupants of the car disclosed that Tramell, who was seated directly over where the shotgun was seen to protrude, had shotgun shells on his person. Neither Tramell nor Childress were parties to the case at bar. The defendants denied knowledge that the weapons were in the car.

The specific section of the Criminal Code relevant to our discussion reads as follows:

"(a) A person commits the offense of unlawful use of weapons when he knowingly:

(4) Carries concealed in any vehicle or concealed on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver or other firearm; * * *."

Ill. Rev. Stat. 1969, ch. 38, par. 24—1(a) (4).

From this section it is apparent that the State must prove that the defendants knew of the weapons which were found concealed in the vehicle in which they were passengers if they are to be convicted of the offense. The State argues convincingly that knowledge, in this type of a case, can be established by circumstantial evidence. In support of this position they recommend to this Court the case of *People v. McKnight* (1968), 39 Ill.2d 577, 237 N.E.2d 488; U.S., *cert* den. 394 U.S. 993. In that case, which also concerned weapons concealed in a vehicle, the Court found that the fact that the defendant made a motion with his right hand and a dipping motion of his shoulders prior to being stopped, that his companion in the vehicle was armed, and that the loaded weapon was found under the defendant's seat, when coupled with the contradictions in testimony adduced at trial, presented adequate circumstantial evidence of his knowledge of the presence of the weapon.

The facts in our case are much different. Nowhere in the record is there evidence that any of the defendants made a motion toward the location of the concealed weapons even though three police officers were present to observe them. Nor were the concealed weapons found under the seats of any of the defendants. The testimony indicates that the pistol was located under Childress's seat and the shotgun under Tramell's

1082

seat, neither of whom are defendants in this case. The portion of the shotgun viewable in the back seat of the automobile was positioned so as to be in the area where Tramell's feet were resting, and thus not obvious to the other passengers in the back seat, especially in the dark of night. The pistol under Childress's seat was certainly far removed from an area where the defendants could be assumed to know of it. The mere presence of defendants in the car, in and of itself, is not such a fact as to impute knowledge of the concealed weapons. Furthermore, there was no conflict in testimony on this point; in fact, the only testimony adduced at trial on this point was that of the defendants who all denied knowing that the weapons were present in the automobile.

Such tenuous facts do not circumstantially support proof beyond a reasonable doubt of the offense of unlawful use of weapons as to the defendants before this Court.

■■ Finally, the record does not support a finding that the defendants were guilty of the offense of failure to possess a Firearm Owner's Identification Card (Ill. Rev. Stat. 1969, ch. 38, par. 83—14), which at the very least would encompass proof that the defendants owned or possessed, either actually or constructively, the weapons in issue. Ill. Rev. Stat. 1969, ch. 38, par. 83—2.

Judgment reversed.

DEMPSEY and McNAMARA, JJ., concur.