THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHNNIE JUNIOR DAVIS, Defendant-Appellant.

Third District   No. 76-110

Opinion filed July 13, 1977.

164

BARRY, J., dissenting.

Robert Agostinelli and Michael J. Pelletier, both of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (James E. Hinterlong and John X. Breslin, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After a jury found the defendant, Johnnie Junior Davis, and his co-defendant, Eugene Henley, guilty of unlawful use of weapons, the circuit court of Kankakee County sentenced Davis to a term of imprisonment of not less than one nor more than three years. On this appeal we are concerned only with the conviction of defendant Davis. Defendant's conviction rests upon the alleged possession of a weapon commonly known as a sawed-off shotgun. It is undisputed that the shotgun in question had a barrel length of less than 18 inches in violation of section 24—1(a)(7) of the Criminal Code of 1961. Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(7).

At approximately 7:30 p.m. on the evening of July 29, 1975, Officer Burkhalter of the Kankakee County sheriff's police observed a white-over-blue 1968 Ford parked and unoccupied in front of a city liquor store in Kankakee, Illinois. While not introduced into evidence at trial, it appears that the officer had the automobile under surveillance pursuant to a police radio transmission reporting the firing of a shotgun from a vehicle fitting the description of the 1968 Ford. (This evidence was objected to by defense counsel and the objection was sustained.) Shortly after spotting the parked car, the officer observed Henley and Davis entering the vehicle and drive away from in front of the liquor store. Henley was driving and Davis was riding in the right front seat. The car belonged to

neither defendant and had been borrowed from its owner. After following the car for several blocks, Burkhalter activated his flashing red lights and the vehicle stopped. Only two minutes had lapsed between the time the officer first observed the vehicle to the time the vehicle stopped. The officer approached the driver's side of the vehicle and requested Henley's driver's license. When Henley failed to produce a driver's license, Burkhalter requested Henley and Davis to exit the vehicle and stand at the rear of the car. Through the window on the driver's side of the car, the officer observed one to one and one-half inches of a barrel of a shotgun protruding from underneath the driver's seat and pointing towards the accelerator pedal. The weapon was very close to the transmission hump. Defendants were then handcuffed and placed under arrest. Fingerprint tests on the shotgun conducted by Burkhalter revealed no readable prints. Henley and Davis testified that they walked from a local drug store to the liquor store. Mack Rosenthal, the owner of the car, was in the liquor store when they arrived. After Davis and Rosenthal had played several games of pool, Davis asked Rosenthal for a ride to his girlfriend's house. In response, Rosenthal gave defendant the keys to his car which was parked in front of the liquor store. Davis gave the keys to Henley and asked him to drive since Davis would not be returning. Davis testified that he had just exited the car to go to his girlfriend's house when the police arrived. Defendant did not look at the floor of the car upon entering it, nor did he know that a gun was in the car.

Rosenthal testified he was the owner of the car. His testimony corroborated defendant's testimony concerning the loan of the car and the events at the pool hall. However, Rosenthal denied ever seeing the shotgun in the car and stated he had vacuumed the car early in the day and had not noticed the weapon.

Defendant's conviction rests upon the statutory presumptions set forth in section 24—1(c) of the Criminal Code of 1961. (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(c).) This section is normally available in instances where the alleged offense occurred in an automobile and the defendant is charged with possession of an article described in section 24—1(a)(7) and it provides in pertinent part:

> "The presence in an automobile other than a public omnibus of any weapon, instrument or substance referred to in Subsection (a)(7) is prima facie evidence that it is in the possession of, and is being carried by, all persons occupying such automobile at the time such weapon, instrument or substance is found * * *."

An instruction embodying the foregoing language was given to the jury and the prosecutor argued to the jurors concerning the presumption.

Defendant alleges that the statutory presumption contained in section 24—1(c) is unconstitutional as applied to the facts of this case or in the

alternative, assuming the validity of the statute, the defendant was not proven guilty beyond a reasonable doubt. Before discussing the issues raised by these contentions, we must first resolve a preliminary issue.

No post-trial motions were filed by defendant in this case, nor did defendant move for a directed verdict at the close of all the evidence. The only motion directed at challenging the sufficiency of the evidence was presented at the close of the State's case-in-chief, after which the defendant proceeded to present his evidence. When the defendant introduced evidence after his motion was denied, he waived his motion for a directed verdict presented following the State's case. (*People v. Aarhus*, 111 Ill. App. 2d 167, 248 N.E.2d 820.) Hence, none of the errors now urged on appeal have been properly preserved for review and they can be considered by this court, if at all, only under the plain error doctrine embodied in Supreme Court Rule 615(a). Ill. Rev. Stat. 1975, ch. 110A, par. 615(a).

■■■ While Rule 615(a) is of relatively recent vintage, it incorporates the long standing concepts that are aptly expressed in *People v. Burson*, 11 Ill. 2d 360, 143 N.E.2d 239, wherein the court stated in discussing the application of the waiver rule:

"[T]his is a rule of administration and not of jurisdiction or power, and it will not operate to deprive an accused of his constitutional rights of due process. 'The court may, as a matter of grace, in a case involving deprivation of life or liberty, take notice of errors appearing upon the record which deprived the accused of substantial means of enjoying a fair and impartial trial, although no exceptions were preserved or the question is imperfectly presented.' " (11 Ill. 2d 360, 370-71, 143 N.E.2d 239, 245.)

(Accord, *People v. Pickett*, 54 Ill. 2d 280, 296 N.E.2d 856.) It is also appropriate to consider alleged errors, not properly preserved for review, in criminal cases where the evidence is closely balanced (*People v. Bradley*, 30 Ill. 2d 597, 198 N.E.2d 809), or where their nature is such as to deprive the accused of his constitutional rights. *People v. McKinstray*, 30 Ill. 2d 611, 198 N.E.2d 829; *People v. Burson*, 11 Ill. 2d 360, 143 N.E.2d 239.

However, the plain error rule is one of discretion and provides a means to moderate the harshness resulting from a strict application of the general waiver rule. (*People v. Pickett*, 54 Ill. 2d 280, 296 N.E.2d 856.) While there are several pivotal factors which are valuable in determining whether or not the exercise of discretion is warranted in a given case (see *People v. Lagardo*, 82 Ill. App. 2d 119, 226 N.E.2d 492, 21 A.L.R. 3d 1360), the most significant ones in the present case are the nature and magnitude of the errors alleged. In our view of the case as set forth in the following paragraphs, we believe the State has failed to prove one of the

essential elements of the case, to wit, that defendant's possession of the gun was "knowing" and consequently, a review of this issue is required.

In urging the unconstitutionality of section 24—1(c), defendant argues that the presumption contained in that section fails to meet either the "reasonable doubt" standard or the "more likely than not" standard and relies on several United States Supreme Court decisions in support of his position. (See *Barnes v. United States* (1973), 412 U.S. 837, 37 L. Ed. 2d 380, 93 S. Ct. 2357; *Turner v. United States* (1970), 396 U.S. 398, 24 L. Ed. 2d 610, 90 S. Ct. 642; *Leary v. United States* (1969), 395 U.S. 6, 23 L. Ed. 2d 57, 89 S. Ct. 1532.) Defendant's argument also suggests that by limiting the statutory presumption only to articles and weapons described in subsection (a)(7), the legislature has arbitrarily and unreasonably distinguished between (a)(7) weapons and the other dangerous articles described in section 24—1 and has therefore created an invalid classification in violation of the equal protection clause.

■■ It is a fundamental principle of law that a court of review will not decide the constitutionality of a statute whenever other grounds exist upon which to base its decision. While the broad assertions that section 24—1(c) is unconstitutional are amply argued by defendant, we believe there exists a narrower ground for reversing defendant's conviction which will avoid deciding the merits of defendant's constitutional objections.

To establish defendant's guilt the State was required to prove beyond a reasonable doubt not only that defendant was in possession of the shotgun, but also that his possession was knowing. Defendant's knowledge that the gun was in the car is essential to establish a crime. (*People v. McKnight*, 39 Ill. 2d 577, 237 N.E.2d 488; *People v. Liss*, 406 Ill. 419, 94 N.E.2d 320.) Without proof of such knowledge, individuals could be convicted of an offense for their mere inadvertent presence in a vehicle in which a prohibited weapon was found. While the element of scienter may and must often be proved by circumstantial evidence (*People v. McKnight*, 39 Ill. 2d 577, 237 N.E.2d 488), it is incumbent upon the State to present such evidence.

In *People v. Hood*, 49 Ill. 2d 526, 276 N.E.2d 310, our supreme court considered the statutory presumption valid both as to the constitutional errors urged, as well as to the effect of the presumption as applied to the driver of the vehicle. However, the supreme court disclaimed any intention to extend its opinion beyond the limited facts of the case to situations such as we are presented with today. So far as the reasoning of *Hood* can be applied to the circumstances and facts of this case, the presumption is valid and applicable, but only where there is accompanying evidence of knowledge independent of the statutory presumption. In *Hood* such independent evidence of knowledge was supplied by the fact that the defendant was the driver and found to be in

control of the car. We also note the proximity of the weapon to defendant, with the shotgun being found under the driver's seat occupied by defendant.

The presumption set forth by section 24—1(c) permits an inference that if an individual is present in a motor vehicle, he is in possession of any article described in section 24—1(a)(7). While the general proximity of a person to an article of contraband may be logically probative of that person being in possession of the article, albeit constructive possession, such general proximity, in and of itself, should not also yield the further inference of awareness or knowledge. The law has long permitted the inference that a person in the general proximity of contraband is legally considered to be in possession of the contraband, a theory with which we have no disagreement. But an inference which constitutes an element of a criminal offense, such as knowledge, should be based directly on an established fact and not pyramided on an intervening inference. While knowledge or awareness may be logically inferred from actual possession, since a person is customarily acquainted with objects he is carrying, constructive possession created solely by proximity of an individual to an object carries with it no such logical inference. Knowledge or awareness may be inferred from other established facts, such as ownership, but it cannot be premised upon the coincidental presence of a person and contraband within the confines of the same motor vehicle. It was the State's responsibility to present facts from which the jury would be permitted to infer knowledge on the part of defendant.

■■ In the present case, the only evidence admitted with regard to the possession and control of the car and the relative positions of defendant and the weapon, fall short of supporting the claim that the defendant knew or is chargeable with knowledge of the weapon's presence in light of the absence of evidence indicating that the barrel was visible to or could have been seen from the passenger's seat. A defendant's mere presence in the car, without more, is not evidence that he knows that the weapon is in the car. (*People v. Cogwell*, 8 Ill. App. 3d 15, 288 N.E.2d 729; *People v. Crowder*, 4 Ill. App. 3d 1079, 283 N.E.2d 342. See *People v. Mosley*, 131 Ill. App. 2d 722, 265 N.E.2d 889; *People v. Millis*, 116 Ill. App. 2d 283, 252 N.E.2d 395.) Other factors from which scienter could be inferred besides the visibility of the weapon from defendant's position in the car and the relative location of the weapon and the defendant, include the period of time in which the defendant had an opportunity to observe the weapon, any gestures by the defendant indicating an effort to retrieve the weapon or hide it, or the size of the weapon.

No affirmative evidence, either circumstantial or direct, was introduced by the State to establish defendant's knowledge. To the contrary, all the

evidence introduced refutes that defendant was aware of the weapon's presence in the car. The defendant was in the borrowed car for only two minutes before being stopped by the police officer and arrested. His initial entry into the vehicle was observed by individuals standing outside the car as well as the arresting officer, but no evidence was introduced that he carried the weapon to the vehicle. During the entire time the defendant was in the vehicle, he was under the observation of the arresting officer, but no furtive gestures were seen. No testimony was introduced that the weapon could be seen by a passenger riding in defendant's location, but the location of the weapon under the driver's seat and its proximity to the transmission hump suggests that the shotgun was not readily visible to a passenger in the right front seat. The only evidence indicates that defendant had not been in the vehicle at any time before on the day of the alleged offense. To say that because the owner of the vehicle had not seen the weapon earlier when he vacuumed the car and the defendant is therefore the only one who could have placed the shotgun in the car, is pure conjecture and speculation.

■■ Upon an examination of the entire record in this case, we find no evidence from which defendant's knowledge of the presence of the shotgun can be inferred. Since the State has failed to introduce any evidence of scienter and has therefore improperly relied upon the statutory presumption in convicting the defendant, we must reverse defendant's conviction. Our decision makes it unnecessary to reach the constitutional objections urged by defendant. For the foregoing reasons the judgment of the circuit court of Kankakee County is reversed.

Judgment reversed.

ALLOY, P. J., concurs.

Mr. JUSTICE BARRY, dissenting:

I dissent from the majority opinion for several reasons. Davis was present in the vehicle, not only as a passenger, but as one who borrowed the car to be driven to meet his girl friend. Section 24—1(a)(7) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(7)) establishes, by way of a statutory presumption, that the presence of any one in the vehicle is prima facie evidence of his possession of a sawed-off shotgun, or other inherently dangerous weapons enumerated, found in the vehicle.

The majority opinion relies upon *People v. Cogwell* (1st Dist. 1973), 8 Ill. App. 3d 15, 288 N.E.2d 729, and *People v. Crowder* (1st Dist. 1972), 4 Ill. App. 3d 1079, 283 N.E.2d 342, both of which I find particularly distinguishable. Both cited cases indicate that a defendant's mere

presence in a car by itself is not sufficient evidence that he knows that the weapon is in the car. In both cases there were no other circumstances than mere presence in the car from which an inference of scienter could arise. The court was concerned in those cases with an issue of constructive possession of shotgun shells without a valid state firearms owner's identification card in *Cogwell* and of an ordinary shotgun and loaded pistol in *Crowder*. Both those violations concerned unlawful use of weapons in violation of section 24—1(a)(4) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(4)). Contrariwise, in the instant case, Davis was charged with possession of an extremely dangerous weapon, to-wit, a sawed-off shotgun in violation of section 24—1(a)(7) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(7)). The weapons enumerated in section 24—1(a)(7) are considered contraband per se and are unlawful for the private citizen to possess anywhere at anytime. The list of weapons in section 24—1(a)(7) includes any bomb, bombshell, grenade, black powder bomb, or Molotov cocktail, in addition to sawed-off shotguns. In the recent case of *People v. Theobald* (3d Dist. 1976), 43 Ill. App. 3d 897, 900, 356 N.E.2d 1258, 1260, we stated in referring to a sawed-off shotgun and a violation of section 24—1(a)(7), "such a weapon is so inherently dangerous to human life that it constitutes a hazard to society, and the weapon is contraband *per se*." I believe the same sentiment and reason, and compelling logic and concern for public safety, prompted the legislature to enact the statutory presumption provided in section 24—1(c) (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(c)), relied upon here to convict Davis.

I also disagree with the majority's conclusion that the statutory presumption that Davis possessed the contraband weapon was overcome by the evidence presented. Though such a harsh presumption as the one relied upon must be viewed with caution to protect the constitutional rights of an accused, the circumstances from which the majority opinion concludes that the presumption of possession is overcome are not sufficient to do so. The record establishes that the car in which defendant was riding was borrowed by the defendant and he gave the keys to the driver, Eugene Henley, requesting Henley to drive him to his girl friend's home. (See *People v. Hood* (1971), 49 Ill. 2d 526, 276 N.E.2d 310.) The owner of the car testified that the sawed-off shotgun was not in the car when he vacuumed it earlier. The police did observe the defendant and the driver enter the car minutes before they were apprehended, but the observation was made from some distance away while the car was parked in front of a liquor store with many people milling around. It is argued that the police did not observe the defendant or Henley enter the car carrying the sawed-off shotgun. Such an argument does not recognize the strong possibility that the sawed-off shotgun, because of its small size,

could have been concealed upon one of the individuals who entered the car. The ability to easily conceal such a weapon, plus its highly dangerous character, is one of the fundamental and compelling reasons why the statutory presumption of possession was enacted into law by the Illinois General Assembly.

In *People v. Bell* (3d Dist. 1972), 7 Ill. App. 3d 625, 288 N.E.2d 253, the court felt that the easy accessibility of a sawed-off shotgun and a loaded pistol under the passenger's side of the front seat was sufficient to sustain the convictions of both the front seat passenger and the passenger immediately behind him in the rear seat of possession of a sawed-off shotgun, in violation of the same section 24—1(a)(7) of the Criminal Code of 1961 (Ill. Rev. Stat. 1971, ch. 38, par. 24—1(a)(7)). I do not believe the present facts so strongly indicate that the shotgun could not possibly be visible as located near the transmission hump under the seat on the driver's side. Furthermore, the location of the gun made it readily accessible to the defendant. It is worthy of note that in *Hood* the defendant-driver removed the sawed-off shotgun from under the driver's seat for the arresting officers by opening the door on the passenger side, and then, while denying knowing there was a firearm in the car, claimed it would not be possible to see the shotgun from the *driver's* seat.

The presumption of possession and its effect on this criminal case is worthy of additional comment. The use of the term prima facie evidence and presumption means that, when one fact is probative of another, the proof the first or basic fact permits the inference that the second fact is also true. In the instant case the proof of the fact that Davis was present in the automobile he borrowed, where the contraband sawed-off shotgun was found, permits the trier of fact to infer, consistent with the statutory presumption, that defendant was in possession of the unlawful weapon. Thus in the absence of competing positive evidence, I believe the jury was permitted but not required to find that the inferred or presumed fact of possession was true beyond a reasonable doubt. (See *Commonwealth v. Pauley* (1975), ___ Mass. ___, 331 N.E.2d 901.) The defendant's evidence was not sufficient to rebut the statutory presumption of defendant's possession. Nor was the evidence inconsistent with circumstances from which the jury could also permissibly infer that defendant's possession was with scienter. This conclusion is buttressed by the jury's determination of guilt, which I am obviously reluctant to upset.

It is the opinion of this writer that the test of the validity of the criminal statutory presumption has been met, and that the judgment of conviction of unlawful use of weapons in violation of section 24—1(a)(7) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(7)) should be affirmed.

Because of the result suggested by this dissent, the constitutionality of

the presumption of section 24—1(c) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(c)) must be considered. The defendant strenuously argues that the statutory presumption involved here is unconstitutional as applied to the facts in this case. The Illinois Supreme Court stated that the test of the validity of the criminal presumption of section 24—1(c) was the test enunciated in *Leary v. United States* (1969), 395 U.S. 6, 23 L. Ed. 2d 57, 89 S. Ct. 1532. (*People v. Hood* (1971), 49 Ill. 2d 526, 276 N.E.2d 310.) In order to satisfy that test it must at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend. Section 24—1(c) was specifically upheld in opposition to arguments that the paragraph violated traditional due process standards. Although the factual situation in *Hood* is somewhat distinguishable, the holding that the presumption of section 24—1(c) is constitutional is controlling here. In *Hood* the court focussed its inquiry on whether the proven facts of the case legitimately supported an inference of defendant's control over the vehicle. In the instant case the evidence presented also legitimately supports both an inference of the passenger-defendant's control over the vehicle and his knowledge of the weapon's presence in the vehicle. Defendant asserts that *Hood* left unanswered the question of whether section 24—1(c) can be applied to a passenger in an automobile owned and operated by another. I agree with that interpretation of the case but because of the unique facts in the case showing visibility of the weapon to defendant and his control over the vehicle which he borrowed from a friend, I believe the presumption can be validly applied and that defendant was proved guilty beyond a reasonable doubt.