THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEPHEN CHANDLER, Defendant-Appellant.
First District (3rd Division)   No. 1—89—2669

Opinion filed October 28, 1992.

Rita A. Fry, Public Defender, of Chicago (Mark Stein, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Barbara Jones, and Michael D. Oppenheimer, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

Following a bench trial, defendant, Stephen Chandler, was found guilty of unlawful use of a weapon by a felon and sentenced to six years in the Illinois Department of Corrections. Ill. Rev. Stat. 1989, ch. 38, par. 24—1(a).

The following issues are before this court for review: (1) whether the policeman's search of defendant's vehicle was proper; and (2) whether defendant was found guilty of possession of an unlawful weapon beyond a reasonable doubt. We affirm.

On May 3, 1989, at approximately 12:30 a.m., defendant was driving a car owned by his friend, Lorenzo Davis, with the bright headlights on. Chandler was proceeding west on Roosevelt Road near Pulaski. At that time, police officer Jack Granadon and his partners were driving west on Roosevelt Road near Pulaski in an unmarked police car. Officer Granadon noticed a vehicle traveling behind him with bright headlights on. Officer Granadon observed the vehicle follow his car for one-half to three-quarters of a block.

Officer Granadon then pulled the police car over to the curb in order to allow the vehicle to pass. As the vehicle proceeded past the police car, the officers activated their emergency lights, signalled the driver to pull over and stopped the vehicle at 1141 S. Kildare.

After the police stopped the vehicle in question, defendant exited the vehicle and approached the officers' car. Dion Planton, who was a passenger in the vehicle, remained seated. Officer Granadon's partner told defendant that he was driving with bright lights on and he asked defendant to present his driver's license. Defendant said that he did not have a driver's license. Defendant was then arrested for driving without a license and driving with his bright headlights on.

Officer Granadon then walked to the passenger side of defendant's car and asked Planton to get out. As Planton opened the door, the interior overhead light came on and Officer Granadon observed a small caliber automatic pistol on the floor of the driver's side. Officer Granadon told the other officers about the gun, placed Planton under arrest and then recovered the gun. Planton was not charged with any crime stemming from this event.

Defendant was later charged with unlawful use of a weapon by a felon. (Ill. Rev. Stat. 1989, ch. 38, par. 24—1(a).) Defendant later moved to suppress the gun obtained as a result of the policeman's search of his vehicle. At the hearing on the motion, the State argued that the police were justified in ordering Planton out of the car and in conducting an inventory search of the interior of the vehicle because defendant did not have a driver's license.

Defendant argued that the State failed to prove that he knew of and had possession of the gun found in the car. Defendant testified that prior to being stopped by the police, he had just driven his friend Lorenzo Davis to Cook County Hospital in Davis' car, because Davis had suffered an asthma attack. Defendant further testified that the police never asked to see his driver's license. Defendant also maintained that the gun did not belong to him.

The court denied defendant's motion to suppress and the case proceeded to trial. In denying defendant's motion to suppress, the court found that defendant was arrested pursuant to a proper custodial arrest as he did not have a driver's license and was driving with bright headlights on, and that the gun was properly seized because it was in plain view.

At trial, the evidence was received by stipulation. It was stipulated that the gun the police found was a .25-caliber automatic handgun loaded with one live round. It was also stipulated that

defendant had been convicted of possession of a stolen motor vehicle in 1986 and sentenced to three years in the Illinois Department of Corrections. It was further stipulated that Officer Granadon's testimony would be the same as it was at the hearing on defendant's motion to suppress. Officer Granadon testified as to the events described above. It was also agreed that defendant would testify in the same manner as he did at the hearing on the motion. For impeachment purposes, it was stipulated that defendant was convicted of burglary in 1980 and was sentenced to two years' probation, and that he was convicted of the unlawful use of a weapon in 1981 and was sentenced to two years' imprisonment in the Illinois Department of Corrections.

The court found defendant guilty of unlawful use of a weapon by a felon because he was driving and knew of the gun as it was in plain view. Defendant was sentenced to six years in the Illinois Department of Corrections. The court considered defendant's prior criminal record during the sentencing hearing. The weapon charge was enhanced to a felony due to one of defendant's prior convictions, and the felony sentence was increased to an extended term based upon another prior conviction. A timely notice of appeal was filed on September 29, 1989. This appeal followed.

First, we will address the issue of whether the policeman's search of defendant's vehicle was proper. Defendant contends that there was no justification to search the car until Officer Granadon improperly ordered Planton out of the vehicle. Defendant maintains that the right to enter a vehicle may not be predicated upon the fact that the police discover a reason to arrest or search the passenger after illegally ordering the passenger out of the car. The State maintains that defendant's contention lacks merit because the gun was discovered as a result of a valid warrantless search of defendant's car under the plain view exception to the general rule prohibiting warrantless searches.

■ "It is well established that under certain circumstances the police may seize evidence in plain view without a warrant." (*Coolidge v. New Hampshire* (1971), 403 U.S. 443, 465, 29 L. Ed. 2d 564, 582, 91 S. Ct. 2022, 2037.) "The doctrine serves to supplement the prior justification—whether it be a warrant for another object, hot pursuit, search incident to lawful arrest, or some other legitimate reason for being present unconnected with a search directed against the accused—and permits the warrantless seizure." *Coolidge*, 403 U.S. at 466, 29 L. Ed. 2d at 583, 91 S. Ct. at 2038.

In *People v. Huth* (1977), 45 Ill. App. 3d 910, 914-15, 360 N.E.2d 408, 411-12, this court held that a police officer did not abridge the defendant's fourth amendment rights by searching the defendant and the passengers remaining in the vehicle, after the defendant was stopped for failing to signal before making a right-hand turn and the defendant was unable to produce a valid driver's license. The court reasoned that "[s]uch circumstances warranted the officer's reasonable belief that he was dealing with a criminal rather than a mere traffic violator." (*Huth*, 45 Ill. App. 3d at 915, 360 N.E.2d at 412.) The court in *Huth* concluded that "[t]he subsequent seizure of the contraband *** in plain view [on the floor of the defendant's car] and its introduction into evidence did not violate defendant's constitutional rights." *Huth*, 45 Ill. App. 3d at 915, 360 N.E.2d at 412.

■ The present case is analogous to *Huth*. In the present case, the police stopped defendant for driving with bright headlights on, just as the defendant in *Huth* was stopped for a traffic law violation. In the present case, as in *Huth*, defendant then exited the vehicle, approached the officers, and was unable to present a valid driver's license. In both *Huth* and the present case, the officers subsequently approached the vehicles, asked the passengers to exit the vehicles, and found an incriminating object inside of the car in plain view.

Upon applying the ruling in *Huth*, we find that the seizure of the gun found in plain view in defendant's vehicle did not abridge defendant's constitutional rights because the gun was discovered as a result of a valid warrantless search of defendant's vehicle under the plain view exception to the rule prohibiting warrantless searches.

■ Next, we will address the issue of whether defendant was properly found guilty of possession of an unlawful weapon beyond a reasonable doubt. Defendant contends that the statutory presumption that articles found inside of a vehicle are within the possession of any passengers in the vehicle cannot be applied in order to prove his knowledge of the existence of a weapon pursuant to *People v. Davis* (1977), 50 Ill. App. 3d 163, 167-68, 365 N.E.2d 1135, 1138-39. The State maintains that defendant has waived his right to consideration of this matter by this court because he failed to make a specific objection at trial at the time of the alleged improprieties and he failed to make an objection in his motion for a new trial. If we find that this issue was not waived, the State argues in the alternative that defendant's contention is meritless because defendant was

proven guilty of unlawful possession of a weapon beyond a reasonable doubt.

We find that defendant waived his right to review of this issue. A defendant preserves his right to appeal the trial court's disposition of a matter by objecting to the alleged impropriety in a timely manner, and by mentioning the specific objection in his motion for a new trial. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186-88, 522 N.E.2d 1124, 1129-32.) "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." 134 Ill. 2d R. 615(a).

There is no evidence that the trial court committed plain error. There is a statutory presumption that the presence in an automobile other than a public omnibus of any weapon is *prima facie* evidence that the weapon is in the possession of, and is being carried by, all persons in said automobile at the time such weapon is found. (Ill. Rev. Stat. 1989, ch. 38, par. 24—1(d).) Where a defendant has been found guilty by a trial court, all evidence is to be considered in the light most favorable to the prosecution upon judicial review. (*Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789; *People v. Schorle* (1990), 206 Ill. App. 3d 748, 759, 565 N.E.2d 84, 91.) Upon examining the record in light of the statute, the United States Supreme Court's standard for construction of evidence adduced at trial and other existing case law, we conclude that the trial court did not commit plain error when it applied the statutory presumption and found defendant guilty after the close of the evidence. (See *People v. Hood* (1971), 49 Ill. 2d 526, 529-30, 276 N.E.2d 310, 312-13; *People v. Davis* (1977), 50 Ill. App. 3d 163, 167-68, 365 N.E.2d 1135, 1138-39.) Defendant therefore has waived his right to judicial review of this issue.

For the aforementioned reasons, we affirm the judgment of the trial court.

Affirmed.

GREIMAN, P.J., and CERDA, J., concur.