**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2019 IL App (3d) 170372-U

Order filed October 25, 2019

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-17-0372 Circuit No. 16-CF-859 |
| DIMONIESHEO LAMONT ALEXANDER, | ) ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE WRIGHT delivered the judgment of the court.
Justices Lytton and McDade concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*:  Evidence presented at trial was sufficient for a reasonable trier of fact to find defendant guilty beyond a reasonable doubt.

¶ 2      Defendant, Dimoniesheo Lamont Alexander, appeals his conviction and sentence. He contends that the State failed to present sufficient evidence to prove his guilt beyond a reasonable doubt. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4          The State charged defendant with two counts of unlawful use of a weapon by a felon (720

ILCS 5/24-1.1(a) (West 2016)), and one count of being an armed habitual criminal (*id*. § 24-

1.7(a)). The cause proceeded to a bench trial.

¶ 5          Peoria Police Officer Nick Russell testified that on the evening of November 26, 2016, he

was on patrol. He and two other officers were in a semi-marked squad car. While he was driving,

a vehicle began to follow his squad car. The vehicle was flashing its headlights and honking its

horn. Russell pulled the squad car over. The vehicle following Russell pulled up alongside him

and struck his vehicle. Russell commanded the driver to pull over his vehicle. However, the

vehicle drove away. Russell followed the vehicle. The vehicle eventually lost control and

collided with a pillar. The pillar fell on top of the vehicle causing damage to its front end.

¶ 6          The passengers inside the vehicle were trapped due to the damage caused by the

collision. The vehicle had five occupants. Defendant was found sitting in the front passenger

seat. According to Russell, a large plastic object was underneath the front passenger seat. Russell

believed that the object housed the motor for the passenger seat. Russell stated that the object

blocked anything from sliding from the front to the backseat of the vehicle. Russell could not

speculate as to how the collision would have affected the car seat or the plastic object underneath

the seat. Russell did not observe the position of the seat prior to the crash.

¶ 7          Officer Nathan Adams searched the vehicle at the scene. He found two handguns inside

the vehicle. Relevant to this appeal is the handgun Adams found underneath the front passenger

seat, which was occupied by defendant. Adams found the gun protruding from underneath the

seat. The gun was not covered or concealed.

¶ 8        Investigators could not observe any fingerprints on the handgun nor could they collect sufficient DNA material for testing. An investigator photographed the front passenger seat. The photograph shows the passenger seat pushed back and the gun visible in plain view.

¶ 9        Ultimately, the circuit court found defendant guilty of all three charges. The court merged the counts and sentenced defendant to seven years' imprisonment for being an armed habitual criminal.

¶ 10                                     II. ANALYSIS

¶ 11        On appeal, defendant challenges the sufficiency of the evidence. Specifically, defendant contends that the State failed to prove that he knowingly possessed the gun found underneath his seat in the vehicle. When a challenge is made to the sufficiency of the evidence at trial, we review to determine whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237, 261 (1985). In making this determination, we review the evidence in the light most favorable to the prosecution. *People v. Baskerville*, 2012 IL 111056, ¶ 31. All reasonable inferences from the record in favor of the prosecution will be allowed. *People v. Bush*, 214 Ill. 2d 318, 327 (2005). The relevant question is whether any rational trier of fact could have found the elements of the crime proven beyond a reasonable doubt. See *People v. Pintos*, 133 Ill. 2d 286, 292 (1989).

¶ 12        As charged in this case, a person commits the offense of being an armed habitual criminal when "he or she receives, sells, possesses, or transfers any firearm after having been convicted a total of 2 or more times of" certain enumerated offenses. 720 ILCS 5/24-1.7(a) (West 2016). An essential element of this offense is that the person knowingly possessed a firearm. *In re S.M.*, 347 Ill. App. 3d 620, 626 (2004). "Knowing possession" may be either actual or constructive. *People*

3

*v. Stack*, 244 Ill. App. 3d 393, 398 (1993). At issue here is whether the State established that defendant knowingly possessed the firearm by constructive possession.

¶ 13      Constructive possession is established where defendant: (1) had knowledge of the presence of the weapon, and (2) exercised immediate and exclusive control over the area where the weapon was found. *Id.* Defendant challenges the sufficiency of the evidence as to both elements of constructive possession. For clarity, we discuss each element in turn.

¶ 14      As to the first element of constructive possession, factors from which knowledge could be inferred include: (1) the visibility of the weapon from defendant's position in the vehicle, (2) the period of time in which defendant had an opportunity to observe the weapon, (3) any gestures by defendant indicating an effort to retrieve or hide the weapon, and (4) the size of the weapon. *People v. Davis*, 50 Ill. App. 3d 163, 168 (1977). Courts should also consider any other relevant circumstantial evidence of knowledge, including whether defendant had a possessory or ownership interest in the weapon or in the vehicle in which the weapon was found. *People v. Bailey*, 333 Ill. App. 3d 888, 892 (2002). Although knowledge may be proved by circumstantial evidence, it is incumbent upon the State to present such evidence. *Davis*, 50 Ill. App. 3d at 167.

¶ 15      Here, we find that the State presented sufficient circumstantial evidence to establish that defendant had knowledge of the presence of the gun found protruding from underneath defendant's seat. Adams discovered the gun in plain sight on the floor of the front passenger seat. Russell, who also examined the vehicle, saw that the seat had a plastic object that blocked items from sliding underneath the seat into the back of the vehicle. Despite the damage caused by the accident, Russell's testimony establishes that the gun could not have slid from the backseat of the vehicle into the front passenger compartment. The photograph of the gun in the position Adams found it shows that the gun was in plain view and visible to any person that sat in the front seat.

4

¶ 16        Despite the above, defendant contends that the evidence is insufficient. For example, defendant notes that there is no evidence of the ownership of the vehicle and gun or DNA and fingerprint evidence tying defendant to the gun. Defendant also points to the fact that there is little evidence to suggest the amount of time defendant occupied the vehicle and the fact that the gun was small. Defendant also speculates that the passenger seat was damaged in the accident and assumes that the gun was completely hidden prior to the crash. Similarly, defendant argues that there is no evidence as to the position of the gun prior to the accident. Defendant's argument is nothing more than a request to reweigh the evidence. See *People v. Milka*, 211 Ill. 2d 150, 178 (2004) (it is not the function of the reviewing court to reweigh the evidence). That we will not do. The fact that the gun was found in plain view from defendant's position in the vehicle establishes defendant's knowledge of the presence of the gun.

¶ 17        As to the second element of constructive possession, we find the evidence is sufficient to establish that defendant exercised immediate and exclusive control over the area where the weapon was found. The gun was found in the area of the vehicle that defendant occupied. In fact, the gun was in such a position that it was either touching or close to defendant's feet. Defendant's seat also had an obstruction underneath that prevented the gun from sliding from the front to the back of the vehicle. The gun, therefore, was not immediately accessible to any of the other occupants in the vehicle other than defendant. The close proximity and the fact that defendant was the only occupant with the immediate ability to access the weapon establishes that defendant constructively possessed the gun.

¶ 18        In reaching this conclusion, we reject defendant's reliance on *People v. Wright*, 2013 IL App (1st) 111803, to argue that the State failed to establish that defendant exercised exclusive control over the weapon. We find *Wright* to be factually distinguishable. In *Wright*, the court

found that the State failed to prove control over a gun despite it being recovered near the defendant's body. *Id.* ¶ 26. However, just prior to apprehending defendant, an individual had fallen on top of him. *Id.* ¶ 10. Thus, two individuals were found in the exact area the gun was found. Here, by contrast, defendant was the only individual occupying the area that the gun was found.

¶ 19                                      III. CONCLUSION

¶ 20        The judgment of the circuit court of Peoria County is affirmed.

¶ 21        Affirmed.