2024 IL App (1st) 240809-U

No. 1-24-0809B

Order filed July 19, 2024

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 241110236501 |
| | ) | |
| LARONE SMITH, | ) | Honorable |
| | ) | Kelly McCarthy, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Mitchell and Justice Navarro concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the circuit court's order granting the State's petition for pretrial detention.

¶ 2    Defendant Larone Smith appeals from an order of the circuit court denying him pretrial release under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022) (Code)), as amended by Public Act 101-652 § 10-255 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today Act (Act). Mr. Smith contends that the trial court erred in granting the State's petition because the State failed to meet its burden

of proving by clear and convincing evidence that the proof is evident or the presumption great that he committed the offense charged. For the reasons that follow, we affirm the judgment of the circuit court.

¶ 3                                      I. BACKGROUND

¶ 4     On April 4, 2024, Mr. Smith was arrested and charged with armed habitual criminal. At the time of his arrest, Mr. Smith was on pretrial release for two separate burglary cases. On April 5, 2024, the State filed a verified petition for pretrial detention, arguing that Mr. Smith committed the detainable offense of armed habitual criminal; that he posed a real and present threat to the community; and that no conditions or combination of conditions could mitigate that threat.

¶ 5     The State proffered that on April 4, 2024, at approximately 10:14 p.m., Chicago Police Officers observed a vehicle leaving a gas station, traveling southbound across 87th Street. Mr. Smith was the front passenger of that car. According to officers, Mr. Smith looked in their direction and made downward movements with his body towards the passenger side floorboard. Officers learned that the car's registration was expired and suspended. Officers then curbed the vehicle.

¶ 6     While speaking with driver, officers smelled "a strong order of burnt and fresh cannabis" emanating from the car. Officers asked both occupants to exit the car and conducted a search. They recovered a bag of suspected cannabis inside the driver's purse and a loaded firearm under the front passenger seat. Mr. Smith did not have a valid Firearm Owners Identification card or a concealed carry license. Regarding Mr. Smith's background, the State proffered that he had felony convictions for armed robbery and involuntary manslaughter.

¶ 7     Defense counsel argued that the State failed to meet their burden that Mr. Smith committed the charged offense because there was no evidence presented that Mr. Smith knew the firearm was underneath his seat. Counsel noted that Mr. Smith was not the registered owner of the vehicle.

Counsel also noted that Mr. Smith was not observed holding the firearm; the firearm was not in plain view; and that Mr. Smith did not make any statements admitting that he knew the firearm was there.

¶ 8    The circuit court granted the State's petition, finding that the State had proved by clear and convincing evidence that Mr. Smith committed the offense of armed habitual criminal. The court also found Mr. Smith to pose a real and present threat to the safety of any person or persons or the community and that no condition or combination of conditions would mitigate that threat. The court therefore ordered him to be detained.

¶ 9                                    II. ANALYSIS

¶ 10    Mr. Smith filed a timely notice of appeal from the circuit court's order. We find that we have jurisdiction to consider the merits of this appeal. See 725 ILCS 5/110-6.1(j) (West 2022); Ill. S. Ct. R. 604(h)(1)(iii) (eff. Sept. 18, 2023). In Mr. Smith's notice of appeal, he contends that the State failed to meet its burden of proving by clear and convincing evidence that the proof was evident and the presumption great that he committed the offense of armed habitual criminal. Specifically, he contends that the State failed to show he constructively possessed the firearm.

¶ 11    We first note, the Act established a presumption that all criminal defendants are eligible for pretrial release. 725 ILCS 5/110-6.1(e) (West 2022). The State has the burden of rebutting that presumption by proving at a hearing that a defendant should be denied pretrial release. *Id.* The Act provides a list of offenses for which the State may seek detention. *Id* § 110-6.1(a)(1)-(7). To meet its burden, the State must prove by clear and convincing evidence that: (1) the proof is evident or the presumption great that the defendant has committed an offense that qualifies for pretrial detention; (2) the defendant poses a real and present threat to the safety of any person or persons in the community, based on the specific and articulable facts of the case; and (3) no condition or

combination of conditions of pretrial release can mitigate the real and present threat to the safety of any person or persons in the community, based on the specific and articulable facts of the case. *Id.* at § 110-6.1(e)(1)-(3) (West 2022). Clear and convincing evidence is "that quantum of proof that leaves no reasonable doubt in the mind of the fact finder about the truth of the proposition in question." *In re Tiffany W.,* 2012 IL App (1st) 102492-B, ¶ 12.

¶ 12    We will not reverse a finding of clear and convincing evidence unless the circuit court's finding was against the manifest weight of the evidence. *In re C.N.*, 196 Ill. 2d 181, 208 (2001). "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008).

¶ 13    Armed habitual criminal is one of the offenses listed by the Act that are eligible for detention. See 725 ILCS 5/110-6.1(a)(1.5). A person commits the offense of being an armed habitual criminal if he possesses a firearm after having been convicted a total of two or more times of a forcible felony. 720 ILCS 5/24-1.7(a)(1). Mr. Smith does not contest his eligibility to be charged with armed habitual criminal, as he has two prior convictions of forcible felonies. Rather, Mr. Smith challenges the court's finding that he possessed the firearm, arguing the State did not proffer evidence that he constructively possessed the firearm.

¶ 14    To prove constructive possession, the State must show that the defendant had knowledge of the presence of the weapon and that the defendant exercised immediate and exclusive control over the area where the weapon was found. *People v. Stack*, 244 Ill. App. 3d 393, 398 (1993). Though mere presence in the vicinity of the firearm is insufficient to establish constructive possession, control over its location may be inferred. *People v. Rangel*, 163 Ill. App. 3d 730, 739 (1987). Factors from which knowledge could be inferred include the visibility of the weapon from

defendant's position in the car, the relative location of the weapon and the defendant, the period of time in which the defendant had an opportunity to observe the weapon, and any gestures by the defendant indicating an effort to retrieve or hide the weapon. *People v. Davis*, 50 Ill. App. 3d 163, 168 (1977).

¶ 15     In this case, officers reported that they saw Mr. Smith reach toward the floorboard before they curbed the vehicle. Though the firearm was not in plain view, it was found underneath Mr. Smith's seat. At this stage, the State's burden is not proof beyond a reasonable doubt, but whether there is clear and convincing evidence that the proof was evident or the presumption great. 725 ILCS 110-6.1(e)(1). As such, we do not believe the circuit court's finding to be unreasonable, arbitrary, or not based on the evidence presented, or that the opposite conclusion was clearly evident. Accordingly, we affirm the judgment of the circuit court.

¶ 16                                    III. CONCLUSION

¶ 17     For the reasons stated, we affirm the judgment of the circuit court of Cook County.

¶ 18     Affirmed.