THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CLEAVON BAILEY, Defendant-Appellant.

Third District    No. 3—01—0412

Opinion filed September 4, 2002.

Kerry J. Bryson, of State Appellate Defender's Office, of Ottawa, for appellant.

Jeff Tomczak, State's Attorney, of Joliet (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOMER delivered the opinion of the court:

The defendant, Cleavon Bailey, was found guilty by a jury of the aggravated unlawful use of a weapon (720 ILCS 5/24—1.6(a)(3)(A) (West 2000)) and sentenced to 30 months of probation and 64 days in jail. He appeals his conviction. Alternatively, he seeks a refund from the amount collected for costs and fines associated with his conviction. Following our careful review, we reverse.

## BACKGROUND

In the early morning hours of November 4, 2000, Bailey was riding in the front passenger seat of a car driven by Gary McDonald. At 6:15 a.m. the vehicle was stopped by Joliet police officers Tim Powers and Darren Prochaska in the Joliet police station parking lot after the officers observed the vehicle enter and leave the parking lot several times.

The officers approached the vehicle and asked the occupants what they were doing. According to Officer Powers, Bailey looked groggy and stated that he did not know why they were there. McDonald told Officer Prochaska that he was there to bond someone out. Officer Powers observed an open bottle of beer on the floor of the vehicle and

asked McDonald and Bailey to exit the car. The officers planned to have the car towed because of the presence of the open alcohol.

Before towing the vehicle, the officers conducted an inventory search of the vehicle. Officer Powers found a 9-millimeter Ruger under the front passenger seat during his search. The handgun was uncased and loaded. Officer Powers testified that he believed the gun was within Bailey's arm reach but that it was not visible until he looked under the seat. After the gun was discovered, both Bailey and McDonald were taken into custody. While in custody, Bailey stated that he did not know that the gun was in the vehicle.

Detective Dennis McWherter conducted an interview of Bailey at the police station. That interview was observed by Detective Frank Miller. According to McWherter and Miller, Bailey said that McDonald showed him a gun while they were outside Bailey's house and that after Bailey looked at the gun, Bailey placed it on the kitchen table. When questioned further, Bailey said that McDonald showed him a gun inside the car and that after looking at it, Bailey gave it back to McDonald and exited the vehicle. Bailey also allegedly told McWherter that his fingerprints could possibly be found on the gun because he had handled it when McDonald showed it to him. McWherter never showed Bailey the gun found in the vehicle to determine if it was the same gun. Bailey consistently denied knowing that a gun was under the passenger seat in the car. Bailey did not give a written statement to Detective McWherter, and the interview was not taped.

Bailey was charged with aggravated unlawful use of a weapon in violation of section 24—1.6(a)(3)(A) of the Criminal Code of 1961 (720 ILCS 5/24—1.6(a)(3)(A) (West 2000)). At trial, Bailey testified that he had no knowledge of the weapon in the vehicle and denied making any statements to McWherter about McDonald showing him a gun.

The jury found Bailey guilty of aggravated unlawful use of a weapon. Subsequently, Bailey filed a motion for a new trial, which was denied. Bailey was sentenced to 30 months of probation and 64 days in the county jail with credit for 64 days of time actually served. Bailey was ordered to pay court costs and a fine totaling $836.

Bailey appeals his conviction and argues, alternatively, that he is entitled to an additional refund of $320 for costs he paid associated with his conviction. Additional facts will be discussed as they become pertinent to our analysis.

## ANALYSIS

■ In reviewing a defendant's insufficiency of evidence claim, the appellate court must examine the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact

could have found that the essential elements of the crime charged were proven beyond a reasonable doubt. *People v. Bell*, 327 Ill. App. 3d 238, 240-42, 764 N.E.2d 551, 553 (2002).

■ The defendant was charged by indictment with aggravated unlawful use of a weapon. 720 ILCS 5/24—1.6(a)(3)(A) (West 2000). The statute defining that crime provides:

"(a) A person commits the offense of aggravated unlawful use of a weapon when he or she knowingly:

(1) Carries on or about his or her person or in any vehicle or concealed on or about his or her person except when on his or her land or in his or her abode or fixed place of business any pistol, revolver, stun gun or taser or other firearm; or

(2) Carries or possesses on or about his or her person, upon any public street, alley, or other public lands within the corporate limits of a city, village or incorporated town, except when an invitee thereon or therein, for the purpose of the display of such weapon or the lawful commerce in weapons, or except when on his or her own land or in his or her own abode or fixed place of business, any pistol, revolver, stun gun or taser or other firearm; and

(3) One of the following factors is present:

(A) the firearm possessed was uncased, loaded and immediately accessible at the time of the offense[.]" 720 ILCS 5/24—1.6 (West 2000).

Bailey argues that the State failed to prove that he had knowledge of the weapon in the automobile. Knowledge of the defendant is essential to establish unlawful use of a weapon because without proof of such knowledge, individuals could be convicted of an offense for their mere presence in a vehicle in which a weapon was found. *People v. Davis*, 50 Ill. App. 3d 163, 167, 365 N.E.2d 1135, 1138 (1977).

■ "Knowing possession" may be either actual or constructive. *People v. Stack*, 244 Ill. App. 3d 393, 398, 613 N.E.2d 366, 369 (1993). Constructive possession is established where (1) the defendant had knowledge of the presence of the weapon; and (2) the defendant exercised immediate and exclusive control over the area where the weapon was found. *Stack*, 244 Ill. App. 3d at 398, 613 N.E.2d at 369. Knowledge of existence of a firearm within the defendant's possession may be proved through circumstantial evidence. *Stack*, 244 Ill. App. 3d at 399, 613 N.E.2d at 370.

■ Although knowledge may be proved by circumstantial evidence, it is incumbent upon the State to present such evidence. *Davis*, 50 Ill. App. 3d at 167, 365 N.E.2d at 1138. A defendant's mere presence in a car, without more, is not evidence that he knows a weapon is in the car. *Davis*, 50 Ill. App. 3d at 168, 365 N.E.2d at 1139. Factors from

which knowledge could be inferred include: (1) the visibility of the weapon from defendant's position in the car, (2) the period of time in which the defendant had an opportunity to observe the weapon, (3) any gestures by the defendant indicating an effort to retrieve or hide the weapon, and (4) the size of the weapon. *Davis*, 50 Ill. App. 3d at 168, 365 N.E.2d at 1139. Courts should also consider any other relevant circumstantial evidence of knowledge, including whether the defendant had a possessory or ownership interest in the weapon or in the automobile in which the weapon was found.

▪ A review of the record reveals that the State failed to produce any affirmative evidence, either circumstantial or direct, to establish that Bailey had knowledge of the presence of the weapon under his seat. According to Officer Powers, who discovered the weapon, the weapon was not visible until he looked underneath the passenger's seat. Therefore, the weapon would not have been visible to Bailey, who was sitting in the passenger's seat.

Additionally, no fingerprints were ever taken from the gun. The gun was owned by Leslie Lanice and had not been reported stolen or transferred. The automobile in which the gun was found was owned by a woman named Lindsay, and there was no record of it being stolen. Moreover, the State did not establish any connection or relationship between Lanice and Bailey or between Lindsay and Bailey.

Neither Officer Powers nor Officer Prochaska testified to seeing Bailey make any gestures that indicated he was trying to retrieve or hide the weapon. In fact, Officer Powers testified that he saw no movements at all from either occupant of the vehicle while Officer Prochaska observed slight movement but only from McDonald as he drove.

Upon examination of the facts in this case, we find no evidence from which Bailey's knowledge of the presence of the gun can be inferred. Although Bailey's credibility was called into question because he allegedly told McWherter two different accounts of McDonald showing him a gun, a lack of credibility is not enough to establish that Bailey had knowledge of the presence of the weapon in the vehicle. Since the State failed to introduce any evidence that Bailey had knowledge of the weapon's presence, we must reverse his conviction.

Our reversal of Bailey's conviction makes it unnecessary for us to determine Bailey's alternative argument that he is entitled to a refund from the amounts collected for costs and fines associated with his conviction.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Will County is reversed.

Reversed.

HOLDRIDGE and McDADE, JJ., concur.