# Illinois Official Reports

## Appellate Court

---

### *People v. Sanchez*, 2019 IL App (3d) 160643

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LUIS J. SANCHEZ, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-16-0643 |
| Filed | March 11, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 16-DT-517; the Hon. Chrystel L. Gavlin, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Peter A. Carusona, and Santiago A. Durango, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, David J. Robinson, and Thomas D. Arado, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE LYTTON delivered the judgment of the court, with opinion.<br>Justice Carter concurred in the judgment and opinion.<br>Justice McDade dissented, with opinion. |

¶ 1     Defendant, Luis J. Sanchez, appeals his conviction for driving under the influence of alcohol (DUI). Defendant argues that his conviction must be reversed because the State failed to prove that defendant was intoxicated at the time he drove the vehicle under the *corpus delicti* rule. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3     Defendant was charged with DUI (625 ILCS 5/11-501(a)(2) (West 2014)) in that he was in actual physical control of a motor vehicle while under the influence of alcohol.

¶ 4     The matter proceeded to a bench trial. Officer Robert Mau testified that at 9:11 p.m. on the night of the incident, he responded to a vehicle that had crashed on the side of a bridge. Mau arrived at the scene and observed that a vehicle had driven up a raised median separating the roadway from the sidewalk. Mau was not on the scene when the collision occurred, and he did not recall at what time the collision occurred. Mau looked up the vehicle's registration number and learned that the vehicle was registered to someone named Luis Sanchez who resided approximately 3½ blocks from the site of the collision. Mau proceeded to the residence and made contact with defendant.

¶ 5     Defendant told Mau that he was driving the vehicle involved in the collision. Defendant said that he went home after the collision. Mau did not know what time defendant returned to his house after the collision, and Mau did not know what defendant did at his house after the collision. Mau testified that defendant's eyes were glassy, his speech was slurred, he staggered and stumbled when he walked, and a strong odor of an alcoholic beverage emanated from his breath. Based on Mau's observations and defendant's inability to articulate what happened, Mau believed that defendant was intoxicated and was unable to safely operate a motor vehicle.

¶ 6     Mau drove defendant to the scene of the collision. Another officer was at the scene. The officer asked defendant to take field sobriety tests. Defendant refused. Mau transported defendant to the police station. Mau asked defendant to undergo chemical testing, and defendant refused. Also, defendant did not consent to giving a breath sample.

¶ 7     Mau testified that the other officer's squad car had a camera that captured an accurate recording of defendant's conversation with the other officer. Mau was present during the conversation. A copy of the video recording was admitted into evidence. In the video recording, defendant's speech was slurred and difficult to understand. Defendant did not follow the officer's directions. Initially, defendant said that he drove onto the median when he was attempting to stop his vehicle because the bridge was being raised. However, defendant later said that he drove onto the median because he was talking on his cell phone. Defendant said he had consumed a bottle of wine and four to seven beers that day. Defendant was driving home from the restaurant, Puerto, at the time of the collision. Defendant said he had been drinking at Puerto. The video recording showed defendant handing his keys to a tow truck driver who was at the scene.

¶ 8     The State introduced a certified copy of the registration for the vehicle involved in the collision, which showed that defendant was the owner of the vehicle.

¶ 9     The court found defendant guilty of DUI. The court sentenced defendant to 12 months' conditional discharge, the payment of $1500 in fines and costs, and 240 hours of community

service work.

¶ 10                                    II. ANALYSIS

¶ 11        Defendant argues that his conviction for DUI should be reversed because the State failed to prove that he was under the influence of alcohol at the time of the motor vehicle collision under the *corpus delicti* rule. While defendant admits that there was sufficient corroborating evidence that he drove the vehicle involved in the collision, he contends that the only evidence that he consumed alcohol before driving the vehicle was his own uncorroborated statements on the squad car video recording. We find that the State presented sufficient independent evidence to corroborate defendant's out-of-court statements such that the admission of these statements did not violate the *corpus delicti* rule.

¶ 12        To prove defendant guilty of the offense of DUI, the State was required to present evidence showing that defendant drove or was in actual physical control of a vehicle while he was under the influence of alcohol. 625 ILCS 5/11-501(a)(2) (West 2014).

¶ 13        "The *corpus delicti* of an offense is simply the commission of a crime." *People v. Lara*, 2012 IL 112370, ¶ 17. In order to obtain a valid conviction, the State must prove both the *corpus delicti* and the identity of the person who committed the offense. *Id.* "In general, the *corpus delicti* cannot be proven by a defendant's admission, confession, or out-of-court statement alone." *Id.* Rather, where a defendant's confession is part of the proof of the *corpus delicti*, the State must also provide independent corroborating evidence. *Id.*

¶ 14        Under the *corpus delicti* rule, "the independent evidence need only *tend to show* the commission of a crime. It need not be so strong that it alone proves the commission of the charged offense beyond a reasonable doubt." (Emphasis in original.) *Id.* ¶ 18.

              "[T]he *corpus delicti* rule requires only that the corroborating evidence correspond with the circumstances recited in the confession and tend to connect the defendant with the crime. The independent evidence need not precisely align with the details of the confession on each element of the charged offense, or indeed to any particular element of the charged offense." *Id.* ¶ 51.

¶ 15        Our supreme court has explained that "[t]he primary purpose of the *corpus delicti* rule is to ensure the confession is not rendered unreliable due to either improper coercion of the defendant or the presence of some psychological factor." *Id.* ¶ 47. If a confession is sufficiently corroborated under the *corpus delicti* rule, the trier of fact may consider the confession along with the State's other evidence to determine whether the State proved beyond a reasonable doubt that a defendant committed the charged offense. *Id.*

¶ 16        Here, the squad car video recording showed that defendant admitted that he drove onto the raised median while driving home from Puerto, where he had been drinking. Defendant said that he walked home after the collision. Defendant said that he had consumed a bottle of wine and four to seven beers on the day of the collision. The evidence, independent of defendant's statements, showed that (1) a vehicle registered to defendant was discovered driven onto a raised median on a bridge; (2) Officer Mau located defendant at his residence, which was 3½ blocks from the site of the collision; (3) when Mau located defendant, defendant displayed signs of intoxication, including glassy eyes, slurred speech, stumbling while walking, and a strong odor of an alcoholic beverage on his breath; and (4) defendant was in possession of the keys to the vehicle involved in the collision.

¶ 17     We find that the independent corroborating evidence was sufficient to satisfy the *corpus delicti* rule. While the independent evidence did not prove beyond a reasonable doubt that defendant committed the offense of DUI, the evidence corresponded with the circumstances of defendant's out-of-court statements and tended to connect defendant to the commission of the offense of DUI. The vehicle involved in the collision was registered to defendant, and defendant was in possession of the keys to the vehicle. The fact that defendant drove his vehicle onto a raised median corresponded to the circumstances recited in defendant's statements to the officer, namely, that the collision occurred after defendant had been drinking. The fact that defendant exhibited signs of intoxication when Mau located him also corresponded with the circumstances of defendant's out-of-court statements.

¶ 18     We reject defendant's argument that the evidence that defendant was intoxicated when Mau located him did not provide sufficient corroboration under the *corpus delicti* rule to defendant's statement that he had been drinking before the collision because the State did not establish when the collision occurred. While the evidence that defendant was intoxicated when Mau located him did not prove that defendant was intoxicated at the time he drove his vehicle, this evidence still corresponded to the circumstances of defendant's out-of-court statements and tended to connect defendant to the offense. Moreover, we note that "the State need not present independent evidence corroborating every element of the charged offense before a defendant's statement may be used to prove the *corpus delicti*." *Lara*, 2012 IL 112370, ¶ 65.

¶ 19     Because there was sufficient independent corroborating evidence to satisfy the *corpus delicti* rule, defendant's admissions were properly considered by the circuit court along with the independent evidence. When viewed in the light most favorable to the State, a reasonable trier of fact could find that this evidence was sufficient to prove beyond a reasonable doubt that defendant drove a motor vehicle while under the influence of alcohol.

¶ 20                                 III. CONCLUSION
¶ 21     The judgment of the circuit court of Will County is affirmed.

¶ 22     Affirmed.

¶ 23     JUSTICE McDADE, dissenting:

¶ 24     The law of *corpus delicti* that the majority relies on to affirm the conviction of defendant, Luis J. Sanchez, for driving under the influence of alcohol (DUI) was not complied with in this case, and the alleged "independent corroborating evidence" does not support the majority decision. For this reason, I respectfully dissent.

¶ 25     The *known* facts are that defendant was the owner of a vehicle found crashed and abandoned on the side of a bridge in Will County. Defendant lived 3½ blocks from the bridge in Will County. When Officer Mau went to defendant's home, defendant was there and in an obviously inebriated state. Mau returned defendant to the scene of the collision, and defendant refused to take field sobriety tests. Mau then took defendant to the police station, where he refused additional testing. A video recording made at the crash site showed that defendant exhibited physical signs of intoxication and told Mau that he had consumed a copious amount of alcohol at Puerto that day.

¶ 26   Mau did not know when the crash had occurred or whether defendant was under the influence of alcohol when it had occurred. The only way for the State to prove that the crime of DUI had been committed was to present evidence that defendant was driving the car while under the influence of alcohol. 625 ILCS 5/11-501(a)(2) (West 2014).

¶ 27   Defendant had *told* the police he had drunk a lot of alcohol before attempting to drive home but *that statement* needed to be independently corroborated in order to prove a crime actually occurred. *People v. Lara*, 2012 IL 112370, ¶ 17.

¶ 28   Defendant's assertion is not corroborated by proof that he owned the vehicle, that he crashed the vehicle, that he was drunk at his house an unknown amount of time after the vehicle was crashed, or that he was unable to safely operate a motor vehicle at the time Officer Mau observed and interacted with him. Securing the necessary independent corroboration would have required nothing more taxing or complicated than interviewing people (employees and/or patrons) at Puerto to determine if—and, if so, when—defendant had been drinking there and if he had left in his vehicle. As it currently stands, there is no independent corroboration, and therefore no proof, that a crime even occurred.