2021 IL App (1st) 181744-U

No. 1-18-1744

Order filed July 14, 2021

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 CR 13603 |
| | ) | |
| DONAMEEN JONES, | ) | Honorable |
| | ) | Steven Gregory Watkins, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE ELLIS delivered the judgment of the court.
Presiding Justice Howse and Justice Burke concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Affirmed. State produced sufficient evidence of constructive firearm possession to support conviction for unlawful use of weapon by felon.

¶ 2    Following a bench trial, defendant Donameen Jones was found guilty of two counts of

unlawful use or possession of a weapon by a felon (UUWF). See 720 ILCS 5/24-1.1(a) (West

2016). The court merged the counts and sentenced defendant to three years' imprisonment. On

appeal, defendant argues that the evidence was insufficient to establish that he possessed a firearm. We find sufficient evidence and affirm.

¶ 3    Defendant and another man, Davion Mitchell, were charged by indictment with multiple firearm-related offenses. Defendant and Mitchell were tried together in a separate but simultaneous bench trial. The State proceeded against defendant on two counts of UUWF, one predicated on possessing a firearm and one predicated on possessing ammunition.

¶ 4    At trial, Chicago police officer Eric Acevedo testified that, shortly after 9:30 p.m. on August 16, 2017, while working with Officers Joshua Champion and Frank Johnson, he stopped a vehicle on the 4700 block of West Gladys Avenue in Chicago. Defendant was in the back seat on the passenger's side, Mitchell was in the front passenger's seat, and a third person drove.

¶ 5    After curbing the vehicle, Officer Champion approached and asked the occupants to exit the vehicle. Once everyone was out, Officer Acevedo walked around the perimeter of the vehicle, shining a light inside the car. From the rear passenger-side window, looking into the back seats, he could see no weapons or contraband on or below the seat where defendant had been sitting. He saw only a pile of clothes on the seat behind the driver. But from the rear driver's-side window, he could see the barrel of a firearm protruding from some of the clothes and resting on the seat, within arm's reach of where defendant had been sitting. He announced to the detainees (and for the benefit of his body-camera recording) that the weapon was in plain view from his position outside the vehicle, looking in with a flashlight.

¶ 6    Officer Acevedo seized the firearm, which he identified as a semiautomatic Glock 17 with a high-capacity drum magazine that could hold "at least *** 30 rounds." Officer Johnson then told Officer Acevedo that there was another gun under the front passenger's seat. Officer Acevedo

recovered that gun as well, which he identified as a loaded Glock 17 with an extended magazine. The officers arrested defendant and Mitchell and inventoried the firearms.

¶ 7    On cross-examination, Officer Acevedo conceded it was dark inside the vehicle, and he used his flashlight to look inside. The firearm on the back seat was directly behind the driver's seat. Officer Acevedo did not see defendant make any movements towards the firearm, and defendant made no statements to Officer Acevedo regarding the firearm. The firearm was sent to a crime lab and Officer Acevedo did not know if fingerprints were recovered. (None were.)

¶ 8    The State published Officer Acevedo's body camera footage depicting the traffic stop and search of the vehicle, which was consistent with his trial testimony as described above.

¶ 9    The court found defendant guilty of both counts of UUWF. The court noted the firearm, though partially covered by a t-shirt, was in plain view and was located on the same seat level as defendant, who could have seen and accessed it as he sat at arm's length inside the vehicle.

¶ 10    Defendant filed a motion to vacate or for a new trial. In relevant part, defendant argued that the firearm was not visible to defendant from his position in the vehicle, that even Officer Acevedo only saw it from the driver's side window using a flashlight. The court denied the motion, noting that defendant was "right next to" and "at the same level" as the firearm, and "the barrel of a gun is *** easy to distinguish." After a hearing, the court merged count II into count I and sentenced defendant to three years' imprisonment for UUWF.

¶ 11    On appeal, defendant argues that the evidence was insufficient to prove beyond a reasonable doubt that he possessed the firearm.

¶ 12    In a bench trial, the judge is the trier of fact and must determine the credibility of witnesses, weigh the evidence, and resolve any conflicts in the evidence. *People v. Siguenza-Brito*, 235 Ill.

2d 213, 228 (2009). Our question on appeal is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

¶ 13    We will not substitute our judgment for that of the factfinder on issues of weight and credibility. *Siguenza-Brito*, 235 Ill. 2d at 224-25. Nor are we required to "search out all possible explanations consistent with innocence." (Internal quotation marks omitted.) *People v. Grant*, 2014 IL App (1st) 100174-B, ¶ 24.

¶ 14    The State was required to prove that defendant knowingly possessed a firearm on or about his person, having previously been convicted of a felony. 720 ILCS 5/24-1.1 (West 2016). Defendant only challenges the element of knowingly possessing the firearm.

¶ 15    Possession of a firearm can be actual or constructive. *People v. Smith*, 2015 IL App (1st) 132176, ¶ 26. The State must prove constructive possession when, as here, the defendant is not found in actual possession of the firearm. *Id.* Constructive possession is established by proving that the defendant "(1) knew of the weapon's presence and (2) exercised control over the area where the weapon was found." *Id.* Both elements of constructive possession are often proven through circumstantial evidence. *People v. McCurine*, 2019 IL App (1st) 160817, ¶ 22.

¶ 16    Defendant's mere presence in the car is not enough to show knowledge of a firearm in the vehicle. *People v. Bailey*, 333 Ill. App. 3d 888, 891 (2002). We may infer knowledge from factors including "(1) the visibility of the weapon from defendant's position in the car, (2) the period of time in which the defendant had an opportunity to observe the weapon, (3) any gestures by the defendant indicating an effort to retrieve or hide the weapon, and (4) the size of the weapon." *Id.* at 892. A defendant may be considered to exercise control over a firearm if the location is within

his easy reach. *People v. Ingram*, 389 Ill. App. 3d 897, 898, 900 (2009) (defendant's proximity to firearm in vehicle supported constructive possession, although he did not own vehicle and there were other occupants). And notably, the fact that other people also had access to the firearm does not diminish a defendant's control. *People v. Givens*, 237 Ill. 2d 311, 338 (2010).

¶ 17    Here, Officer Acevedo testified that defendant was sitting in the rear seat on the passenger's side, and the firearm was on the rear seat on the driver's side, partially covered by a shirt and within arm's reach. The body camera footage shows that part of the firearm was exposed on the back seat, in easy reach of where defendant sat.

¶ 18    This was not a strong constructive possession case. There is no evidence as to how long defendant was inside that vehicle; no evidence of furtive movements by defendant toward the firearm or flight from the police. The gun itself had a sizeable drum magazine, but that portion of the weapon was covered by clothing; only the barrel visibly protruded outward. And defendant correctly notes that, from the outside of the car, looking through the rear *passenger* window, the gun was not visible.

¶ 19    But that does not mean it wasn't visible to defendant, sitting inside the vehicle, within arm's reach of it on the same level as him. The trial court believed that defendant could see it and had control over it. Our question is not whether we would have reached the same conclusion but whether any rational trier of fact could have so found. A rational factfinder could have found that defendant knew the weapon was right there next to him and exercised control over it, thereby constructively possessing it. We have no basis to overturn that factual finding and uphold it.

¶ 20    Affirmed.