**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 190396-U

Order filed June 22, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0396 Circuit No. 18-CF-467 |
| | ) | |
| SHERRICK NEWBORN, | ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court.
Justices Holdridge and Lytton concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*: Defendant's conviction of aggravated unlawful use of a weapon was reversed because the State did not prove that he knowingly possessed a handgun found near the defendant in a vehicle not owned by the defendant, where the defendant did not make any furtive gestures, and the handgun was not found by police until the vehicle was searched from the driver's side.

¶ 2    The defendant, Sherrick Newborn, appeals from his conviction of aggravated unlawful use

of a weapon (720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5) (West 2018)), arguing that his presence in a

vehicle and his proximity to a handgun found in the vehicle were not sufficient to prove him guilty beyond a reasonable doubt of knowingly possessing the handgun.

¶ 3                                              I. BACKGROUND

¶ 4        The defendant was charged by indictment with unlawful use of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2018)) based upon his alleged possession of a handgun on or about August 2, 2018, after having been previously convicted of a felony. The defendant filed a motion to suppress. At the suppression hearing, Officer Danny Marx of the Peoria Police Department testified that he initiated a traffic stop of a vehicle on August 2, 2018. After the vehicle stopped, the driver jumped out and walked quickly away from the vehicle, and Marx pursued the driver. The defendant was the back seat passenger, on the passenger's side, and it was not the defendant's vehicle. The defendant and the front seat passenger exited the vehicle while Marx apprehended the driver, but they did not try to flee and they re-entered the vehicle on Marx's command. Marx did not see the defendant make any furtive movements. Marx testified that, during a search of the vehicle, a handgun was found in the back seat, on the driver's side, about 15 minutes into the stop. The trial court denied the defendant's motion to suppress.

¶ 5        After initially proceeding to a jury trial, the parties reached an agreement to proceed with a bench trial. The State filed a second information, charging the defendant with aggravated unlawful use of a weapon (*id.* § 24-1.6(a)(1), (a)(3)(A-5)), and the matter proceeded to a stipulated bench trial in order to preserve the suppression issue. The defendant stipulated to the evidence but not the sufficiency of the evidence. The stipulated evidence included the evidence from the suppression hearing, including the dashboard video recording of the traffic stop from Marx's vehicle. The video recording shows the defendant's actions and position as described by Marx. It also shows police officers searching the vehicle after the defendant and the front seat passenger

were removed from the vehicle. The video recording shows a police officer searching the front passenger area and then the rear passenger area of the vehicle. A bottle is taken from the rear passenger area and the contents dumped on the ground. Light from a flashlight can be seen on the video recording as the rear passenger area is searched from the passenger side of the vehicle. Around 15 minutes into the video, the driver's side back passenger door is opened, and an officer leans into the vehicle. The handgun is found shortly thereafter.

¶ 6       In addition, it was stipulated that Officer Justin Mitchell of the Peoria Police Department would testify that, while he was assisting in a search of the vehicle, he located a handgun "under the back seat cushion," and he left it where it was found. Officer David Buss of the Peoria Police Department would testify that he took photographs of the handgun where it was found under the seat cushion and then he collected the handgun for evidence. The photographs taken by Buss show where the handgun was found in the back seat of the vehicle. The photographs show that the back seat was covered with debris and other items, including papers, deodorant, a water bottle, and a purse. There are a number of items on the seat where the defendant had been sitting. The photographs show a handgun located in a gap between the seat and back seat cushion on the driver's side back passenger seat, with the barrel of the gun pointing toward where the defendant had been seated in the passenger-side back seat. The handgun was tested, but there were no fingerprints, and no DNA analysis could be performed. The defendant did not have a Firearm Owners Identification card or a concealed carry license.

¶ 7       The trial court found the defendant guilty of aggravated unlawful use of a weapon, and it dismissed the charge of unlawful use of a weapon by a felon per the stipulated bench trial. The trial court accepted the agreed sentencing recommendation of 30 months' probation and a term of incarceration equaling the days the defendant had already served pretrial. The defendant appealed.

¶ 8                                    II. ANALYSIS

¶ 9            The defendant argues that he was not proven guilty beyond a reasonable doubt of aggravated unlawful use of a weapon because the stipulated evidence only established his presence in the vehicle and proximity to the handgun. The defendant contends that the stipulated evidence established that the handgun was not visible or otherwise perceptible to him, and there was no evidence that the defendant made any gestures acknowledging the handgun, had control over the vehicle, or ever touched the handgun. Thus, the evidence was insufficient to prove that the defendant "knowingly" possessed the gun. The State argues that the stipulated evidence was sufficient to prove the defendant's knowledge of the presence of the handgun and guilt beyond a reasonable doubt. When reviewing whether the evidence was sufficient to find a defendant guilty beyond a reasonable doubt, we ask whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Collins*, 106 Ill. 2d 237, 261 (1985).

¶ 10           Under the stipulated plea, the defendant was charged with aggravated unlawful use of a weapon, a Class 4 felony, in violation of section 24-1.6(a)(1), (a)(3)(A-5) of the Criminal Code of 2012 (720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5) (West 2018)). The information alleged that the defendant knowingly possessed an uncased, loaded, and immediately accessible handgun in a motor vehicle and the defendant did not have a valid license under the Firearm Concealed Carry Act (430 ILCS 66/1 *et seq.* (West 2018)).

¶ 11           Section 5/24-1.6 of the Criminal Code of 2012 provides, in relevant part:

          "(a) A person commits the offense of aggravated unlawful use of a weapon when he or she knowingly:

4

(1) Carries on or about his or her person or in any vehicle *** any pistol, revolver, stun gun or taser or other firearm; [and]

***

(3) One of the following factors is present:

***

(A-5) the pistol, revolver, or handgun possessed was uncased, loaded, and immediately accessible at the time of the offense and the person possessing the pistol, revolver, or handgun has not been issued a currently valid license under the Firearm Concealed Carry Act." 720 ILCS 5/24-1.6(a)(1), (3)(A-5) (West 2018).

¶ 12    When, as here, a firearm is not found on the defendant's person, the State must prove constructive possession. *People v. Wright*, 2013 IL App (1st) 111803, ¶ 25. Constructive possession of a firearm may be shown where the person has knowledge of the presence of the weapon and exercises immediate and exclusive control over the area where the firearm is found. *People v. Wise*, 2021 IL 125392, ¶ 25. Factors from which a defendant's knowledge of a firearm in a vehicle may be inferred include: (1) the visibility of the weapon from the defendant's perspective, (2) the amount of time in which the defendant had the opportunity to view the weapon, (3) the size of the weapon, and (4) any furtive gestures by the defendant indicating an effort to retrieve or hide the weapon. *People v. Bailey*, 333 Ill. App. 3d 888, 892 (2002). A defendant's mere presence in the vehicle is not sufficient evidence of knowledge for purposes of constructive possession. Factors such as proximity and ownership of the vehicle may be considered as relevant circumstantial evidence of knowledge. *Id.* at 891-92; *Wise*, 2021 IL 125392, ¶ 29.

¶ 13    The defendant contends that the handgun was not visible prior to the search and that the only reasonable inference was that the seat cushion and other items had been moved before the handgun was discovered. The State contends that the handgun was photographed as it was found, visible between the seat and the back seat cushion, and that there was no evidence that items had been moved.

¶ 14    Circumstantial evidence may be used to prove knowledge, and the trier of fact may rely on reasonable inferences of possession and knowledge. *Wright*, 2013 IL App (1st) 111803, ¶ 25. However, after reviewing the record, the squad car video, and the factors from which the defendant's knowledge of the handgun could be inferred, even viewed in the light most favorable to the prosecution, we find that the State did not prove beyond a reasonable doubt that the defendant knowingly possessed the handgun. While the handgun was found fairly quickly after an officer opened the driver's side passenger door and started to search the back seat, the defendant was seated on the rear passenger side, and the handgun was not detected during several minutes of searching from that side of the vehicle. Thus, the reasonable inference is that the handgun was not visible to the defendant. See *People v. Thomas*, 2019 IL App (1st) 162791, ¶ 28 (defendant's aggravated unlawful use of a weapon conviction was reversed where a gun was visible from the other side of the car and there was no evidence it was visible to the defendant as the driver); *Bailey*, 333 Ill. App. 3d at 892 (State failed to introduce any evidence that the defendant had knowledge of a weapon when it was not visible to defendant as the passenger; the gun was owned by someone else, and there were no fingerprints taken from the gun). This is further supported by the amount of debris and belongings that were in the back seat. The photographs depict numerous items that were located in the back seat and had to be moved by the officers who were searching the back seat. Also, there was no DNA or fingerprint evidence that could be linked to the defendant. See

6

*People v. Cook*, 2021 IL App (3d) 190243, ¶ 28 (evidence was sufficient to prove constructive possession of a firearm when it was close to the defendant in the vehicle and his DNA was on the hat covering the firearm). The handgun was not so large that it would be impossible not to see. Marx did not see the defendant make any furtive gestures, and the defendant did not try to flee. Based on these facts, we find that no rational trier of fact could have found, beyond a reasonable doubt, that the defendant knowingly possessed the handgun.

¶ 15                                                CONCLUSION

¶ 16            The judgment of the circuit court of Peoria County is reversed.

¶ 17            Reversed.