2022 IL App (1st) 211242-U

No. 1-21-1242

Order filed December 27, 2022.

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 21119172101 |
| | ) | |
| ANTHONY HARVEY, | ) | The Honorable |
| | ) | Robert D. Kuzas, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

PRESIDING JUSTICE LAVIN delivered the judgment of the court.
Justice Coghlan concurred in the judgment.
Justice Pucinski dissented.

**ORDER**

¶ 1    *Held*: The evidence was sufficient to sustain the defendant's conviction for unlawful use of a weapon where his furtive movement in the area where a gun was subsequently found permitted the trial court to find he knew the firearm was present. Additionally, the State established the *corpus delicti* where the defendant's statement was corroborated by his furtive movement.

¶ 2    Following a bench trial, defendant Anthony Harvey was found guilty of misdemeanor unlawful use of a weapon and was sentenced to 30 days in prison. On appeal, he asserts that the

evidence was insufficient to demonstrate that he knew a weapon was present. Defendant also asserts that the State did not establish the *corpus delicti* because it failed to corroborate his statement to police that he did not possess a concealed carry license (CCL). For the following reasons, we affirm the trial court's judgment.

¶ 3                                    I. Background

¶ 4     At trial, the State presented the testimony of Officers Baciu and Cruz. Their testimony showed that at about 11:36 p.m. on February 19, 2021, the officers were patrolling in the area of 4513 West Chicago Avenue when they observed a 2010 Chrysler Town and Country being driven with an obstructed view. After the officers activated their emergency equipment, Officer Baciu observed defendant, sitting in the front passenger seat, "reach down towards the middle of the floor board." Officer Cruz similarly testified that "defendant made a motion towards the middle floorboard."

¶ 5     Once the Chrysler was curbed, the officers spoke to its occupants and smelled alcohol. In addition, Officer Baciu saw two cups in the cup holders. As defendant stepped out of the vehicle per the officers' request, they observed that his pants were undone, as though he was trying to conceal or discard something. The officers then searched the car for alcohol. While Officer Baciu did not recall if any was found, the officers did recover a SA1 Springfield XD-9 millimeter semi-automatic pistol. Officer Baciu testified that the gun was found "[a]pproximately where [defendant] was reaching in between the driver's seat and passenger's seat under a removable object." Moreover, the pistol was in defendant's immediate area and was easily accessible to him. When asked if he had a firearm owners identification card or a CCL, defendant responded that he did not. The Chrysler was not registered to defendant and the officers did not know whether fingerprints were found on the firearm.

¶ 6     The trial court found defendant guilty of unlawful use of a weapon. While the state of defendant's pants did not sway the court, it noted that defendant made a furtive movement after emergency equipment was activated and a firearm was subsequently recovered from that location. The court then sentenced defendant to 30 days in prison.

¶ 7                                   II. Analysis

¶ 8     On appeal, defendant asserts that the evidence was insufficient to prove that he constructively possessed the firearm.

¶ 9     In reviewing a challenge to the sufficiency of the evidence, the question is whether, after viewing the evidence in the light most favorable to the State, any rational tier of fact could have found the elements of the crime proven beyond a reasonable doubt. *People v. Cline*, 2022 IL 126383, ¶ 25. This is true even where the evidence is circumstantial. *People v. Smith*, 2015 IL App (1st) 132176, ¶ 24. Additionally, we must draw all reasonable inferences in favor of the State (*Cline*, 2022 IL 126383, ¶ 25) and must not substitute the trier of fact's credibility judgments with our own (*Smith*, 2015 IL App (1st) 132176, ¶ 29). We will not reverse the trial court's judgment unless the evidence is so improbable, unreasonable or unsatisfactory as to leave a reasonable doubt of the defendant's guilt. *People v. Jones*, 2019 IL App (1st) 170478, ¶ 25.

¶ 10    Section 24–1(a)(10)(iv) states, in pertinent part, that a person commits unlawful use of a weapon "when he knowingly *** [c]arries or possesses on or about his or her person, upon any public street, *** any pistol ***, except that this subsection (a)(10) does not apply to or affect transportation of weapons that *** are carried or possessed in accordance with the Firearm Concealed Carry Act by a person who has been issued a currently valid license under the Firearm Concealed Carry Act." 720 ILCS 5/24-1(a)(10)(iv) (West 2020). Thus, the State was required to prove that defendant knowingly possessed the pistol recovered from the Chrysler.

¶ 11      A defendant's knowing possession of contraband may be actual or constructive. *Jones*, 2019 IL App (1st) 170478, ¶ 27. To demonstrate constructive possession, the prosecution must prove that the defendant knew that the weapon was present and exercised immediate, exclusive control over the area where the weapon was found. *People v. Wise*, 2021 IL 125392, ¶ 25; see also *People v. Givens*, 237 Ill. 2d 311, 339 (2010) (finding that the presence of other individuals does not diminish the defendant's exclusive dominion and control). Here, defendant solely asserts that the State failed to demonstrate he knew that the pistol was in the vehicle.

¶ 12      A defendant's presence in a vehicle is not alone sufficient evidence that he knows a weapon is therein. *People v. Bailey*, 333 Ill. App. 3d 888, 891 (2002).  In addition, defendant's control over and access to an area does not alone show he knew that contraband was present. *People v. Macias*, 299 Ill. App. 3d 480, 487 (1998). That being said, constructive possession, including the element of knowledge, is usually demonstrated by circumstantial evidence, as direct proof is rarely available. *Givens*, 237 Ill. 2d at 339. Factors relevant to the defendant's knowledge include (1) whether the weapon was visible to the defendant; (2) the time period in which the defendant would have been able to observe the weapon; (3) whether the defendant made any gestures indicating an effort to hide or retrieve the weapon; (4) the weapon's size; and (5) whether the defendant had a possessory or ownership interest in the vehicle or the weapon found inside. *Bailey*, 333 Ill. App. 3d at 891-92. Knowledge may be established by the defendant's statements or conduct from which the trier of fact can infer that he knew the weapon was present. *Smith*, 2015 IL App (1st) 132176, ¶ 27. Generally, knowledge and possession are factual questions to be resolved by the trier of fact. *Id.*

¶ 13      Here, as defendant concedes, the officers testified that after they activated their emergency equipment, they observed defendant make a movement toward the floorboard.

Testimony also showed that the pistol was subsequently found in that area. Furthermore, the trial court found the officers' testimony to be credible. While defendant argues that defendant reacted to the officers' presence in the manner of a person holding a cup of alcohol, this ignores that the alcohol was in the cupholders, not down toward the floor. The evidence of defendant's furtive movement coupled with the subsequent recovery of the pistol was sufficient evidence, if not overwhelming evidence, to permit the trial court to find that he had been concealing the pistol and, thus, knew of its presence.

¶ 14    Citing other factors relevant to knowledge, defendant argues that the pistol was not visible when found, that it was apparently small, that he had no possessory interest in the vehicle and that no fingerprint evidence showed he had handled the pistol. Given defendant's furtive movement, however, the State was not required to establish those factors. *Cf. Bailey*, 333 Ill. App. 3d at 892 (finding no evidence showed the defendant knew that a weapon was under his seat where, among other things, the officers did not testify to seeing the defendant make any gestures suggesting he was attempting to hide or retrieve the weapon); *Macias*, 299 Ill. App. 3d at 486-87 (finding the State did not establish the defendant's knowledge of contraband where, among other things, the police did not see the defendant enter the bedroom where contraband was recovered, the defendant testified he had not been in that bedroom and no fingerprints linked him to the premises or the contraband). Defendant has cited no authority setting a minimum number of factors required for a trial court to find a defendant had the requisite knowledge. Accordingly, the evidence of defendant's knowledge was sufficient.

¶ 15    Next, defendant asserts that the State failed to establish the *corpus delicti* because no evidence corroborated his admission that he had not been issued a valid CCL. We disagree.

¶ 16    The proof necessary to establish an offense requires the State to demonstrate the *corpus delicti*, *i.e.*, that a crime occurred. *People v. King*, 2020 IL 123926, ¶ 53. Generally, the State cannot establish this through the defendant's confession or out-of-court statement alone. *People v. Hannah*, 2013 IL App (1st) 111660, ¶ 26. This rule arose from the historical mistrust of out-of-court confessions. *People v. Lara*, 2012 IL 112370, ¶ 18.

¶ 17    When a confession is part of the *corpus delicti*, the State must present additional, independent evidence corroborating that confession. *People v. Sanchez*, 2019 IL App (3d) 160643, ¶ 13. Yet, it is only necessary that such independent evidence tend to demonstrate the commission of a crime. *Lara*, 2012 IL 112370, ¶ 18. Only some consistency between the defendant's admission and the independent corroboration is required. *Smith* 2015 IL App (1st) 132176, ¶ 18. The independent evidence need not be so strong that it alone proves the commission of the offense beyond a reasonable doubt. *Sanchez*, 2019 IL App (3d) 160643, ¶ 14. It is also unnecessary for the independent evidence to disprove the possibility that no crime occurred. *Lara*, 2012 IL 112370, ¶¶ 38, 41. In short, "the *corpus delicti* rule requires only that the corroborating evidence correspond with the circumstances recited in the confession and tend to connect the defendant with the crime. The independent evidence need not precisely align with the details of the confession on each element of the charged offense, or indeed to any particular element of the charged offense." *Id*. ¶ 51.

¶ 18    Here, defendant told the officers that he did not have a CCL. In addition, the trial court found, based on the officers' testimony, that defendant made a furtive movement to conceal the pistol after the officers activated their emergency equipment. The court was entitled to find that an individual with a CCL would not have behaved in this manner. Accordingly, independent

evidence that defendant made a furtive movement corroborated his statement that he lacked a CCL, establishing the *corpus delicti*.

¶ 19     Finally, to the extent that defendant's opening brief asserts in a conclusory fashion that his conviction violates the second amendment, he has failed to develop a cohesive argument in that regard. Accordingly, that contention is forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *People v. Oglesby*, 2016 IL App (1st) 141477, ¶ 242 (stating that the appellate court is entitled to clearly defined issues and cohesive arguments).

¶ 20     For the foregoing reasons, we affirm the trial court's judgment.

¶ 21     Affirmed.

¶ 22     JUSTICE PUCINSKI, dissenting:

¶ 23     Where a man's liberty interest is at stake the least the state could do is get a qualified exhibit entered as evidence or person to testify that the defendant did not possess a Concealed Carry License.  Taking shortcuts makes the case look slap-dash and is inconsistent with our commitment to proof beyond a reasonable doubt.  I would reverse.